691 A.2d 976

**George DOMBROWSKI, a Grand Father and Natural Guardian of Shawn Dombrowski, a Minor, and George Dombrowski as an Individual, Appellant,**

**v.**

**Galina CHERKASSKY and John Doe, Driver, Appellees.**

Superior Court of Pennsylvania.

Submitted March 3, 1997.

Filed April 2, 1997.

David S. Rudenstein, Philadelphia, for appellant.

Kevin R. McNulty, Philadelphia, for appellees.

Before McEWEN, P.J., and SCHILLER and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

When is a *non pros* not a *non pros?* When it has not been reduced to judgment.

On October 23, 1995, appellant commenced the instant personal injury action by filing a writ of summons. On that same date, pursuant to local court procedure, appellant was informed that an arbitration hearing would be held on June 24, 1996.

Upon arriving at the hearing, appellant was orally informed by court personnel that, because a complaint had never been filed, the court had entered a judgment of *non pros* against him. Neither appellee nor anyone representing her were present at the hearing.[1]

On July 17, 1996, appellant filed a "motion to open judgment of *non pros*" in the civil trial division of the Philadelphia Court of Common Pleas.[2] In the petition, appellant admitted that the alleged *non pros* was not reflected on the official court docket. Additionally, appellant did not attach an order to the petition indicating that a *non pros* judgment had been entered against him. Stating that appellant had "failed to establish that there was any judgment against him to open," appellant's petition to open the judgment of *non pros* was denied by order of court on August 21, 1996. Slip op. at 2. This appeal follows.[3]

On appeal, appellant presents the issue of whether the trial court abused its discretion in denying the petition to open the judgment of *non pros*. In support of his claim that the trial court erred, appellant presents a lengthy discussion of the caselaw governing the requirements that one must satisfy in order to obtain relief from a judgment of *non pros*. Appellee's counter-argument proceeds in a like fashion. For example, both parties discuss such issues as whether appellant's

1. We note that, because a stenographer was not present to transcribe the hearing and the judge to whom appellant's petition to open the judgment was presented was not a member of the arbitration panel, we must rely solely on appellant's otherwise unsubstantiated averment that a *non pros* was entered against him.

2. Pa.R.C.P. 3051 specifically provides that, rather than by motion, relief from a judgment of *non pros* must be sought by petition. We will therefore refer to appellant's ill-captioned pleading as a petition throughout the remainder of this opinion.

3. We admit some confusion with respect as to why the court considered a petition to open a legally non-existant *non pros* on its merits rather then merely dismissing the petition as a nullity. A dismissal would have altered appellant to the fact that the *non pros* must be of-record prior to receiving substantive review and, perhaps, avoided the instant appeal. Nonetheless, although this may have been the preferred practice, we cannot say that the trial court erred as a matter of law in denying, rather than dismissing, the petition.

petition was timely filed, whether a reasonable excuse exists for the delay in prosecuting the case and whether there is merit to appellant's underlying cause of action.

Prior to reviewing the substantive merits of this issue, we are faced with a peculiar question; that is, whether a judgment of *non pros* was ever, in fact, entered against appellant. We conclude that no such judgment was ever entered and, thus, we affirm the order of the lower court.

■ By definition, a *non pros* is a judgment entered by the trial court which terminates a plaintiff's action due to the failure to properly and/or promptly prosecute a case. *See, e.g.,* Pa.R.C.P. 218. Following entry of the judgment, plaintiff may seek relief by petitioning the court to strike or open the judgment. *See, e.g.,* Pa.R.C.P. 237.3, 3051.

This definition begets another question not often considered by our Court; what is a judgment? Mired in legal verbiage and accustomed to bandying around such terms of art, attorneys and jurists alike may sometimes lose sight of such fundamental delineations and their import to legal resolutions. The basic framework of our judicial system, however, requires steadfast adherence to such commonalitites.

■ When called upon previously to define the term "judgment," this Court reviewed our Rules of Civil Procedure and held that a judgment is "the official entry of a verdict or decision of the trial judge upon the docket." *Sands v. Andino,* 404 Pa.Super. 238, 246, 590 A.2d 761, 764 (1991). *See also* Pa.R.C.P. 237.3 (directing that a *non pros* may be opened if the petition states a meritorious cause of action and is filed "within ten days after the entry of the judgment on the docket").

■ Presently, appellant acknowledges that the docket in the instant matter does not reflect entry of a *non pros.* Appellant, nevertheless, asks this Court to turn a blind eye to his prematurely filed petition by claiming that "counsel not only filed within the time frame permitted but before. Thus,

counsel certainly intended to comply with the rule." Appellant's brief at 11.

The road to appellate relief is not paved with good intentions, but with, at a minimum, substantial compliance with procedural dictates. In essence, the parties ask this Court to allow their private stipulation that a *non pros* was entered against appellant to be a substitute for actual, record, evidence that such an order was actually entered and properly reduced to judgment. This we cannot do.

We therefore hold that, because the official record discloses no *non pros* judgment against appellant, the trial court did not err in denying appellant's petition.[4]

Order affirmed.

McEWEN, P.J., dissents.

---

**4.** In the absence of a complete record, we are unable to review the questions of whether a *non pros* judgment was appropriate in this matter and whether, assuming that it was, appellant's petition should nonetheless have been granted. Our review is confined to determining whether the trial court erred in denying appellant's petition because the alleged *non pros* was never reduced to judgment.