J-A02034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FRAIDEL PHELPS & AVI PHELPS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| SABINA DOPIRO & VALENTIN DOPIRO AND ENID NELSON & MARTIN NELSON | |
| | No. 1567 EDA 2016 |

Appeal from the Order Entered April 19, 2016
in the Court of Common Pleas of Philadelphia County Civil Division
at No(s): 140802884

BEFORE: OTT, RANSOM, and FITZGERALD,[*] JJ

MEMORANDUM BY FITZGERALD, J.:                **FILED MAY 08, 2017**

Appellants, Fraidel Phelps and Avi Phelps, appeal from the order entered in the Philadelphia County Court of Common Pleas entering judgment of *non pros.* Because we conclude that the order is not appealable, we quash the appeal.

The trial court summarized the procedural posture of this case as follows:

> This action arose from a dog bite incident which occurred in Philadelphia on August 26, 2012. [Appellants] filed a Writ of Summons just days before the running of the statute of limitations. . . . A Complaint was filed in

---

[*] Former Justice specially assigned to the Superior Court.

December 2014. . . . The matter was listed in this court's Compulsory Arbitration Program.[1]

\* \* \*

[Appellants] filed several continuance requests of the Arbitration hearings.

\* \* \*

The continuance[s were] granted and the matter was rescheduled to the morning of March 4, 2016.

[Appellants] failed to appear for the March 4, 2016 Arbitration. On March 11, 2014, a Rule was issued against [Appellants] to show cause why a judgment of *non pros* should not be entered for [their] failure to attend the Arbitration. The Rule hearing was scheduled for April 19, 2016. The Rule notice specifically stated that the failure to appear would result in a dismissal of the case and the entry of judgment of *non pros*.

[Appellants'] counsel attended the Rule hearing without his clients.

\* \* \*

At the conclusion of the Rule hearing, the court questioned [Appellants'] counsel as to his clients' whereabouts. Counsel stated [they] were in Airmont, New York. Counsel provided no explanation as to their non-appearance. Accordingly, this [c]ourt finding that [Appellants] failed to appear at the Arbitration and failed to appear at the Rule hearing, entered a Judgment of *Non Pros* [on April 19, 2016].

The next day, [Appellants] filed a Motion for Reconsideration. . . . After reviewing the Motion and responses, this court denied the Motion [on May 13, 2016]. This appeal followed.

---

[1] On June 10, 2015, by agreement of the parties, the case was remanded to arbitration pursuant to Pa.R.C.P. 1021(d).

Trial Ct. Op., 6/20/16, at 1-4.[2]

Appellants raise the following issue for our review:

> Whether the court committed legal error in entering judgment where [Appellants], not physically present, attempted to use their depositions at arbitration under circumstances where their domicile was more than 100 miles from the forum and adverse road and weather conditions impeded [their] safe travel to the hearing.

Appellants' Brief at 4.

Initially, we consider whether Appellants have preserved this issue for our review. "By definition, a *non pros* is a judgment entered by the trial court which terminates a plaintiff's action due to the failure to properly and/or promptly prosecute a case. Following entry of the judgment, plaintiff may seek relief by petitioning the court to strike or open the judgment." **Dombrowski v. Cherkassky**, 691 A.2d 976, 977 (Pa. Super. 1997) (citations omitted).

Rule 3051 addresses relief from the entry of judgment of *non pros* and provides, in pertinent part, as follows:

> (a) Relief from a judgment of *non pros* shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

> (b) Except as provided in subdivision (c), if the relief sought includes the opening of the judgment, the petition shall allege facts showing that

---

[2] The trial court opinion is marked as Appendix "C" in Appellants' Brief.

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and

(3) there is a meritorious cause of action.

Pa.R.C.P. 3051(a)-(b)(1-3).[3]

In **Sahutsky**, the Pennsylvania Supreme Court "granted allocatur to consider the effect of appellees' failure to file a petition to open a judgment of *non pros* pursuant to Pa.R.C.P. 3051 before filing a direct appeal from that judgment in the Superior Court." **Id.** at 997. The **Sahutsky** Court opined:

> The Rule's mandatory phrasings that relief from a *non pros* "shall be sought by petition" and "must be asserted in a single petition" clearly connote a requirement that parties file a petition with the trial court in the first instance.
>
> *     *     *

---

[3] The Pennsylvania Supreme Court in **Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996 (Pa. 2001), noted that

> [u]nder case law existing prior to the January 1, 1992 effective date of Rule 3051, a party seeking review of a judgment of *non pros* could proceed in two ways: either petition the trial court to open the judgment or seek appellate review of the judgment. **See Valley Peat & Humus v. Sunnylands, Inc.**, [ ] 581 A.2d 193 ([Pa. Super.] 1990).

**Sahutsky**, 782 A.2d at 998. Rule 3051 was adopted to "eliminate[ ] the choice and establish [ ] a uniform procedure when relief is sought from a judgment of *non pros*." Pa.R.C.P. 3051, 1991 cmt.

> The reason for requiring that the petition be directed to the trial court initially is both obvious and salutary: it ensures that the trial court, which is in the best position to rule on the matter in the first instance, shall have an opportunity to do so. Such an approach will avoid unnecessary appeals, thereby assuring judicial economy, and will provide a better record for review in those cases where the question is close enough to warrant an appeal.

*Id.* at 999-1000. "Any appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike." **Madrid v. Alpine Mountain Corp.**, 24 A.3d 380, 382 (Pa. Super. 2011).

Our Supreme Court in **Sahutsky** concluded that "[b]ecause appellees failed to file the petition to open as required, they failed to preserve the issues raised therein and, therefore, the claims are waived." **Sahutsky**, 782 A.2d at 1001 (citation omitted); **see also Krell v. Silver**, 817 A.2d 1097, 1101 (Pa. Super. 2003) ("applying the dictates of **Sahutsky**, we conclude that Appellant failed to file a petition to open or strike the judgment of *non pros*, and, therefore, we find all of her claims to be waived on appeal").[4]

In **Stephens v. Messick**, 799 A.2d 793 (Pa. Super. 2002), this Court opined: "failure to promptly file a Pa.R.C.P. 3051 petition to strike or open the judgment of *non pros* operates as a waiver of any issues concerning the *non pros* and, therefore, precludes our review of the entry of the judgment

---

[4] We note that an "[a]ppellant's motion for reconsideration is not the functional equivalent of a petition to open a judgment of *non pros*." **Krell**, 817 A.2d at 1102. In the case *sub judice*, the motion for reconsideration did not substantially comply with Rule 3051.

of *non pros* in the first instance." ***Id.*** at 797. Because "an appeal only lies from a trial court's order denying a petition for relief from a judgment of *non pros*; no appeal lies from an order entering a judgment of *non pros*." ***Id.*** at 799 (citation omitted). Therefore, an appeal from an order entering a judgment of *non pros* would be quashed. ***Id.***

Pursuant to Rule 3051, Appellants were required to seek relief in the trial court by petition. Their failure to file a petition to open or strike the judgment of *non pros* results in a waiver of all claims on appeal. ***See Sahutsky***, 782 A.2d at 1001. We cannot review the entry of the *non pros*. ***See Stephens*** 799 A.2d at 799. Accordingly, we are constrained to quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2017