J-A09021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KALA CORDELL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MICHAEL STAINS, | |
| Appellee | No. 1672 MDA 2016 |

Appeal from the Order Entered September 6, 2016
In the Court of Common Pleas of Adams County
Civil Division at No(s): 14-SU-497

BEFORE:  SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                 **FILED JUNE 22, 2017**

Appellant, Kala Cordell, appeals from the order denying her "Petition to Strike *Non-Pros* Entered and Restore the Complaint"[1] in this civil action

---

[1]  We note that a petition to open a judgment and a petition to strike a judgment are generally not interchangeable. ***Cf. Stauffer v. Hevener***, 881 A.2d 868, 870 (Pa. Super. 2005) (observing that a petition to open default judgment, which is an appeal to the discretion of the court that will only be granted if there is a manifest abuse of discretion or error of law, and a petition to strike a default judgment, which is will only be granted where there is a fatal defect or irregularity that is apparent from the face of the record, seek distinct remedies and are generally not interchangeable). ***See also Cintas Corp. v. Lee's Cleaning Services***, 700 A.2d 915, 918-919 (Pa. 1997) (comparing petitions to open judgments with petitions to strike judgments).  It appears that Appellant mislabeled her post-judgment petition as a petition to "strike."  However, the document should have been titled a petition to "open."  This is so given the fact that Appellant resorted to the relief associated with a petition to open judgment of *non pros* set forth under Pa.R.C.P. 3051, namely: (1) whether the petition was timely filed, (2) whether Appellant had a reasonable explanation for the conduct
*(Footnote Continued Next Page)*

alleging negligence against Appellee, Michael Stains, for his involvement in a motor vehicle accident. We affirm.

The trial court set forth the history of this case as follows:

The procedural background of this case reveals that the action arises out of a motor vehicle accident which is alleged to have occurred on or about May 14, 2012. [Appellant] initiated this action by filing a Writ of Summons on May 5, 2014. Initial attempts at service on [Appellee] were unsuccessful. Approximately 6 months later on November 14, 2014, [Appellant's] counsel caused the Summons to be reissued. Further attempts at service were unsuccessful. Those attempts at service were consistently made only at [Appellee's] previous address or his parent's address in Hanover, Pennsylvania. On November 5, 2014, approximately a year and a half after the action was initiated and 11 months after the Summons was first re-issued, [Appellant's] counsel caused the Summons to be re-issued for the second time. Continued attempts at service were unsuccessful. On January 29, 2016, [Appellant's] counsel caused the Summons to be re-issued for a third time.

The Summons was sent via certified mail, addressed to [Appellee] c/o a business in Texas. That certified mail was signed for by Cindy Reyes on February 8, 2016. Some issue remains as to whether there has been effective service, although that issue is not presently before the Court.

On February 26, 2016, [Appellee's] counsel entered his appearance and issued a Rule to File a Complaint. The Rule was issued that same day and promptly delivered to [Appellant's] counsel. On April 5, 2016, [Appellee's] counsel issued and delivered to [Appellant's] counsel a 10 day Default Notice for failure to file a Complaint in response to the Rule. Twenty-One days after the Notice of Default was delivered, on April 26, 2016 [Appellee's] counsel filed a Praecipe for Entry of Judgment of Non-Pros. The next day April 27, 2016 at 10:49 a.m. [Appellant] filed a Complaint in this action. On May 9, 2016[,]

*(Footnote Continued)* _____

that gave rise to the entry of judgment of *non pros*, and (3) whether Appellant had a meritorious cause of action.

the Honorable Michael A. George entered an Order striking the Complaint of April 27, 2016 due to the fact that Judgment of Non-Pros was entered April 26, 2016. On May 20, 2016, three weeks after entry of the Order by Judge George, [Appellant's] counsel filed a Petition to Strike Non-Pros and to Restore the Complaint filed. . . .

Trial Court Opinion, 9/6/16, at 1-2.

The trial court held oral argument on August 24, 2016, and on September 6, 2016, entered an order that denied Appellant's petition for relief from the judgment of *non pros* and to restore the complaint. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

Where [Appellant] sent a Complaint to the Court and it was received but not docketed, prior to the entry of non-pros for failure to file a Complaint, and where [Appellee's] counsel received the Complaint before filing a motion for non-pros for failure to file the Complaint, and thereafter [Appellant] filed a Motion to Open Judgment promptly, where [Appellant] had plead a meritorious claim of action, where [Appellee's] insurer was aware of the action and the nature of [Appellant's] claims, should the petition have been granted?

Where the non-pros was granted on the basis of a failure to file a Complaint, could the Court refuse to reopen the matter based upon considerations of delay in service which were not the basis of the non–pros granted, to in effect convert a hearing on the question of reopening to permit the filing of the Complaint into an issue that was not the basis for the non–pros granted, and which did not permit plaintiff to present evidence relevant to those issues?

Appellant's Brief at 3-4.

Appellant's issues essentially address whether the trial court erred in determining that she met the requirements for relief from the judgment of *non pros*. Because she has presented these issues in a single argument section of her brief, we will address her claims regarding these issues in a single discussion.

We have long stated that, "[b]y definition, a *non pros* is a judgment entered by the trial court which terminates a plaintiff's action due to the failure to properly and/or promptly prosecute a case. Following entry of the judgment, plaintiff may seek relief by petitioning the court to strike or open the judgment." ***Dombrowski v. Cherkassky***, 691 A.2d 976, 977 (Pa. Super. 1997).

Pennsylvania Rule of Civil Procedure 1037 addresses the entry of judgment upon default or admission, and provides, in relevant part, as follows:

> (a) **If an action is not commenced by a complaint**, **the prothonotary**, upon praecipe of the defendant, **shall enter a rule upon the plaintiff to file a complaint**. **If a complaint is not filed within twenty days after service of the rule, the prothonotary**, upon praecipe of the defendant, **shall enter a judgment of non pros**.

Pa.R.C.P. 1037(a) (emphases added). Pennsylvania Rule of Civil Procedure 237.3 addresses petitions requesting relief from judgment of *non pros* or by default, and provides, in pertinent part, the following bright-line rule:

> (b) (1) **If the petition is filed within ten days** after the entry of a judgment of *non pros* on the docket, **the court shall open**

- 4 -

**the judgment** if the proposed complaint states a meritorious cause of action.

Pa.R.C.P. 237.3(b)(1) (emphases added). In addition, Pennsylvania Rule of Civil Procedure 3051 governs petitions requesting relief from judgment of *non pros*,[2] and provides, in relevant part, as follows:

(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) Except as provided in subdivision (c),[3] if the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and

(3) there is a meritorious cause of action.

_____

[2] In ***Sahutsky v. H.H. Knoebel Sons***, 782 A.2d 996 (Pa. 2001), our Supreme Court noted that

[u]nder case law existing prior to the January 1, 1992 effective date of [Pa.R.C.P.] 3051, a party seeking review of a judgment of *non pros* could proceed in two ways: either petition the trial court to open the judgment or seek appellate review of the judgment.

***Id***., 782 A.2d at 998 (citation omitted). However, Rule 3051 was adopted to "eliminate[ ] the choice and establish [ ] a uniform procedure when relief is sought from a judgment of non pros." Pa.R.C.P. 3051, 1991 cmt.

[3] Rule 3051 was amended in 2013 to add subdivision (c), in order to specifically address the opening of a judgment of *non pros* that dismissed a case for inactivity. ***See*** Explanatory Comment-2013 (setting forth reasoning behind addition to Rule 3051).

> *Note:* See Rule 237.3 for special provisions relating to relief from a judgment of non pros entered pursuant to Rule 1037(a).

Pa.R.C.P. 3051(a), (b). As this Court has explained, "if the petition is filed within ten days or less, Rule 237.3(b) applies, if it is after ten days, Rule 3051(b) applies." ***Horwath v. Digrazio***, 142 A.3d 877, 882 (Pa. Super. 2016).

In determining that Appellant was not entitled to relief from the entry of judgment of *non pros*, the trial court offered the following analysis, which we adopt as our own:

> Initially it appears as though Rule 237.3 of the Pennsylvania Rules of Civil Procedure would control disposition of the issue. However, under authority of the Pennsylvania Superior Court, Rule 237.3(b) only displaces Rule 3051(b) for petitions filed "within ten days after the entry of the judgment on the docket." [***Horwath*** 142 A.3d at 882]. The record reveals that the Petition for Relief from a Judgment of Non-Pros was not filed within ten days after the entry of the Judgment on the docket, so Rule 237.3(b) does not operate here to establish a bright[-]line rule that the Judgment of Non-Pros must be opened by the Court.
>
> So the issue presently before the Court must be evaluated under the requirements of **Pa. R. Civ. P. 3051**. As required by that Rule, the petition seeking to open judgment of non-pros must allege facts showing: (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non-pros, and (3) there is a meritorious cause of action.
>
> As [Appellee] has made no argument to the contrary, for purposes of disposition of the instant Petition it is presumed that there is a meritorious cause of action. The issues here revolve around whether the Petition to Strike Judgment of Non-Pros was timely filed and whether there is a reasonable explanation or a legitimate excuse for the conduct of [Appellant] that gave rise to the entry of Judgment of Non-Pros in the first place.

- 6 -

On the issue of timeliness, [Appellant's] Petition was filed May 20, 2016 which was 3-1/2 weeks after [Appellee's] Praecipe for Entry of Judgment of Non-Pros was filed and served on Plaintiff's counsel. Clearly we are outside of the bright[-]line 10[-]day rule provided for in Rule 237.3. Essentially the Petition was filed exactly 2 weeks after the deadline upon which [the trial c]ourt would have been required to grant relief under Rule 237.3.

As the Rules contemplate the filing of a petition at some point in time beyond the 10[-]day period of Rule 237.3 which would mandate the striking of the Judgment of Non-Pros, this [c]ourt finds that a delay of an additional 2 weeks does not render the Petition . . . untimely.

Inquiry then turns to whether there is any reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of Judgment of Non-Pros in the first place. It is here where [Appellant] fails to provide sufficient justification for the failure to file a Complaint during the approximately four (4) year period from the May 14, 2012 date of the accident and April 27, 2016, the date on which the Complaint was finally filed.

[Appellant's] counsel argues that the Complaint was mailed to the Adams County Prothonotary's Office on April 15, 2016, but that[,] due to the lack of postage[,] the Complaint was returned to [Appellant's] counsel. From the face of [Appellant's] Petition, it appears Counsel made numerous attempts to contact the Prothonotary's Office by phone to inquire as to whether the Complaint had been received only to be informed each time that it had not been received in that Office. Essentially, [Appellant's] counsel argues that delays with mail are a sufficient and reasonable explanation or legitimate excuse for the conduct giving rise to the entry of the Judgment of Non-Pros.

However, a close review of the procedural background shows an unexplained history of delay by [Appellant] in the prosecution of this action. [Appellant] waited until 9 days prior to the tolling of the 2 year Statute of Limitations to initiate the action and then did so only via Writ of Summons. Then, for some unexplained reason, [Appellant] neglected to file a Complaint in the 2 years that followed before being instructed to do so pursuant to the issuance of the Rule to file a Complaint

- 7 -

[within twenty days or suffer judgment of non pros]. [Appellant's] counsel was served with [the] Rule to file a Complaint on March 3, 2016. [Appellant] neglected to do so. Then, 33 days later, [Appellant] was served with an important Notice advising that she was in default for failing to file a Complaint. No explanation is given as to why [Appellant] was unable to file a Complaint between [the] March 3, 2016 service of the Rule [to file a Complaint within twenty days or suffer judgment of non pros] and April 5, 2016[,] when the Default Notice[4] was delivered [to Appellant's counsel]. Even then [Appellant] did not mail the Complaint to the Adams County Prothonotary's Office until the tenth day of the 10 day Notice. The Complaint was sent to the Prothonotary's Office by ordinary mail, ensuring or guarantying that the Complaint would not be received at the Prothonotary prior the expiration of the 10 day Notice. No reasonable explanation was given for [Appellant's] failure to file the Complaint in person or prior to the expiration of the ten[-]day period.

Importantly, this is not a situation where [Appellee's] counsel engaged in a race to the Courthouse in order to secure Judgment of Non-Pros. To the contrary, despite a strict timeline set forth by the Pennsylvania Rules of Civil Procedure, counsel for [Appellee] at all stages deferred acting until days or weeks beyond the deadlines upon which he was otherwise entitled to act as set forth in those Rules.

For all of the foregoing reasons, it is clear to the [c]ourt that [Appellant] has not established that there is a reasonable

---

[4] The first paragraph of the default notice to Appellant, dated April 5, 2016, states the following:

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO FILE A COMPLAINT IN THIS CASE. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR RIGHT TO SUE THE DEFENDANT AND THEREBY LOSE PROPERTY OR OTHER IMPORTANT RIGHTS.

Default Notice, 4/5/16, at 1 (Certified Record #17).

explanation or legitimate excuse for the [Appellant's] conduct that gave rise to the entry of the Judgment of Non-Pros.

Accordingly, [Appellant] is not entitled to the relief requested. . . .

Trial Court Opinion, 9/6/16, at 2-5 (emphasis in original).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2017