J-A07010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF ALBERT E. MARK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA MCCARTHY, A/K/A MARIA A. | : | No. 991 EDA 2021 |
| MARK, A/K/A MARIA A. MCQUILLAN, | : | |
| WAYNE BANK, SUSAN COURSEN | : | |
| MARY ALICE PETZINGER AND | : | |
| WELLS FARGO BANK, N.A. | : | |

Appeal from the Order Entered April 12, 2021
In the Court of Common Pleas of Pike County Civil Division at No(s):
645-2020

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 8, 2022**

Appellant, Estate of Albert E. Mark (the "Estate"), appeals from the April 12, 2021 Order entered in the Pike County Court of Common Pleas denying its Petition to Strike and/or Open Judgment of *Non Pros*. After careful review, we reverse the trial court's denial of the motion to open judgment, finding untenable the trial court's reasoning that the Estate failed to act with diligence by not making Rules absolute within two days.

The relevant facts and procedural history are as follows. Appellee, Maria McCarthy ("Ms. McCarthy") had previously held a power of attorney for her father, Albert Mark, and had been the executrix of the Estate. On April

11, 2018, the orphans' court removed Ms. McCarthy as executrix after she failed to provide an accounting of the assets of the Estate.[1]

In an effort to obtain information about Ms. McCarthy's use of the funds of the estate while she served as executrix and preserve any claims the Estate may have for possible misuse of the Estate funds, the Estate, on June 23, 2020, initiated this action by filing a Writ of Summons against Ms. McCarthy, Wayne Bank, Susan Coursen, Mary Allice Petzinger, and Wells Fargo Bank, N.A.

On August 19, 2020, counsel for Ms. McCarthy filed a *Praecipe* for Rule to File Complaint. That same day, the trial court issued a Rule directing the Estate to file a complaint within 20 days.

In response, on September 4, 2020, rather than file a complaint, the Estate filed a Motion for a Stay to File Complaint and a Motion for Leave to Take Pre-Complaint Discovery. The Estate alleged in the Motion for a Stay that Ms. McCarthy, who for years had been in control of the assets of her father and then of the Estate, had misappropriated and concealed the location of the assets.

Most important to our analysis, the Estate argued that because Ms. McCarthy concealed the assets of the Estate, the Estate could not file a complaint without first conducting pre-complaint discovery. The Estate

---

[1] *See* Docket No. 10 O.C. 2018.

- 2 -

requested that the court grant the stay and the Motion for Leave to Take Pre-Complaint Discovery and permit it 90 days to conduct discovery and a further 20 days to file a complaint.

Before responding to the Estate's motions, Ms. McCarthy, on September 10, 2020, sent a "Notice of Intention to Default pursuant to [Pa.R.C.P.] 237.1(a)(2)" to Appellant's counsel.[2] The Estate responded that day with an Emergency Motion for an *Ex Parte* Order or Expedited Hearing for a Stay to Prevent the Entry of Judgment of *Non Pros*.[3]

On September 15, 2020, the trial court issued Rules directing Ms. McCarthy and the other Appellees to show cause within 20 days why the court should not grant each of the Estate's four outstanding motions. The Rules were returnable on October 6, 2020 and provided that "[i]f no answer is filed by the specified date, the Rule may be made absolute upon motion of counsel." Rules, 9/15/20.

Two days later, on October 8, 2020, Ms. McCarthy simultaneously responded to the court's show cause order while filing a *Praecipe* for

---

[2] On September 24, 2020, Ms. McCarthy sent a letter to Albert Mark, Jr., administrator of the Estate, enclosing the Notice of Intention to Take a Default, although the Estate asserts that Ms. McCarthy failed to enclose the notice in the letter.

[3] On the same date, the Estate also filed a Motion to Consolidate this action with a pending orphans' court action, asserting that the matters had some common issues.

Judgment of *Non Pros*. In response to the *praecipe*, the Pike County clerk of courts entered a Judgment of *Non Pros* that same day.

On November 6, 2020, the Estate filed a Motion to Open and/or Strike the Judgment of *Non Pros*. On November 20, 2020, Ms. McCarthy filed a response in opposition to the Motion and on December 7, 2020, Appellee Wayne Bank also filed a response to the Estate's Motion.

The trial court scheduled a hearing on the motion to open or strike the judgment for March 23, 2021. Prior to commencement of the hearing, on March 19, 2021, the Estate filed a Request for Argument on its outstanding Motions to Take Pre-Complaint Discovery, for Stay to File Complaint, to Consolidate, and for *Ex Parte* or Expedited Hearing for a Stay to Prevent Judgment of *Non Pros*. The Estate further requested that the court consider these outstanding motions together with the motion to strike or open the judgment. The trial court denied the Estate's requests for argument on the motions and to consider them with the merits of the motion to strike or open judgment.

On April 12, 2021, following consideration of the merits of the motion to strike or open, the trial court denied the motion by order.

The Estate filed a timely Notice of Appeal and both it and the trial court complied with Pa.R.A.P. 1925.

The Estate raises the following issues on appeal:

1. Did the trial court commit an abuse of discretion when it did not consider the appropriate standards for opening or striking a judgment of *non pros* and purposefully limited its inquiry so

- 4 -

as to avoid addressing all of the elements needed to decide whether the judgment should have been open or stricken?

2. Did the trial court commit an abuse of discretion when it did not act on [the Estate's] motions including, without limitation, an Emergency Motion for an *Ex Parte* Order or Expedited Hearing for a Stay to Prevent the Entry of a Judgment of *Non Pros* for months? Did the trial court abuse its discretion in failing to act promptly on [the Estate's] Motion for Pre-Complaint [D]iscovery all of which was highly prejudicial?

3. Did the trial court abuse its discretion, upon seeing [the Estate's] motions which anticipated the possible entry of a judgment of *non pros*, rewarded defense counsel, who opposed pre-complaint discovery and [the Estate's] motions by allowing the judgment of *non pros* to be entered and neither opened nor stricken where the actions of one or more attorneys for the Appellees prevented [the Estate] from being able to file a complaint that included all of the information needed?

4. Did the trial court abuse its discretion by refusing to continue the hearing even though this was the first listing of these Motions and even though [the Estate] filed a *praecipe* for oral argument on March 19, 2021[,] in response to a *praecipe* filed by counsel for [Ms.] McCarthy?

5. Did the trial court abuse its discretion in refusing to admit evidence at the hearing that could be authenticated?

6. Did the trial court abuse its discretion in that it demonstrated bias and ill-will towards [the Estate's] counsel and appeared to have its mind made up from the beginning of the hearing?

Estate's Brief at 4 (some capitalization omitted).

In its first issue, the Estate challenges the trial court's denial of its petition to open the judgment of *non pros*.[4] *Id.* at 13-17.

_____

[4] In this issue, the Estate has not challenged the trial court's denial of its Motion to Strike the Judgment of *Non Pros*.

The following legal principles inform our review. "By definition, a *non pros* is a judgment entered by the trial court which terminates a plaintiff's action due to the failure to properly and/or promptly prosecute a case." ***Dombrowski v. Cherkassky***, 691 A.2d 976, 977 (Pa. Super. 1997). Our rules of civil procedure provide for entry of judgment of *non pros* when, *inter alia*, the plaintiff does not file a complaint after the issuance of a rule to do so. ***See*** Pa.R.C.P. 1037(a). *Non pros* may also be entered for inactivity if there is a lack of due diligence in prosecuting the case on the part of the plaintiff, no compelling reason for the delay, and actual prejudice to the defendant. ***See James Bros. Lumber Co. v. Union Banking & Trust***, 247 A.2d 587, 589 (Pa. 1968); ***Jacobs v. Halloran***, 710 A.2d 1098, 1103 (Pa. 1998).

"A request to open a judgment of *non pros*, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the judgment of *non pros* to be opened, three elements must coalesce: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist which support a cause of action." ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 381 (Pa. Super. 2011); Pa.R.C.P. 3051. We review a court's decision to deny a petition to open or strike a judgment of *non pros* for an abuse of discretion. ***Madrid***, 24 A.3d at 382.

In its Rule 1925(a) Opinion, the trial court explained that it denied the Estate's motion because, according to the trial court, the Estate made

- 6 -

"multiple, *seriatim* procedural failures which we are unable to overlook." Trial Ct. Op., 8/6/21, at 4. The trial court identified the "multiple, *seriatim* procedural failures" as the Estate's failure to make the Rules absolute for the Motions for Pre-Complaint Discovery, to Stay the Entry of the Judgment of *Non Pros*, and to Consolidate, as well as for the Emergency Motion. ***Id.*** at 5

The trial court has overlooked the fact that the Estate could not make the Rules absolute until October 6, 2020. Only two days later, Ms. McCarthy filed the *Praecipe* for Judgment of *Non Pros.* The trial court has not cited to any legal authority, and we have found none, that provides that a party who fails to make a rule absolute on the day that the respondent's response is due loses all rights requested in the motion. Moreover, and more importantly to our review of the Estate's appeal, this is not a sufficient reason to deny a motion to open a judgment.

Here, the record reflects that, although the Estate did not file a complaint within 20 days of the court's August 19, 2020 Rule directing the Estate do so, the Estate acted diligently to prosecute the case by instead requesting a stay to file the complaint and leave to engage in pre-complaint discovery. In these pleadings, the Estate asserted a compelling and good faith reason for the delay in filing the complaint, *i.e.*, that it needed to conduct pre-complaint discovery before filing a complaint because of Ms. McCarthy's deception and concealment. However, rather than litigate the merits of the Estate's motions, Ms. McCarthy instead sought entry of a judgment of *non pros*.

In light of the foregoing, we conclude that the trial court abused its discretion in not opening the judgment of *non pros* where the Estate filed a motion to open the judgment a mere 29 days after its entry and had been prosecuting the case when the prothonotary entered the judgment of *non pros.* We conclude that the trial court erred in finding that the Estate did not act diligently simply because it did not file a motion to make the rule absolute within two days of the deadline for Ms. McCarthy's response. Accordingly, we reverse the order denying the Estate's Motion to Open the Judgment of *Non Pros* and direct the lower court to open the judgment of *non pros* entered against the Estate. On remand, we direct the court to consider the merits of the Estate's Motion for Leave to Take Pre-Complaint Discovery, Motion for Stay to File Complaint, and Motion to Consolidate.[5]

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

---

[5] In light of our disposition, we need not address the Estate's remaining issues on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/08/2022</u>