782 A.2d 996

**Janice SAHUTSKY and Robert Sahutsky, h/w, Appellees,**

**v.**

**H.H. KNOEBEL SONS, t/a Knoebel's Grove, Appellant.**

Supreme Court of Pennsylvania.

Argued May 1, 2000.

Decided Oct. 26, 2001.

594

Patrick M. Ardis, Wolff Ardis, PC, for H.H. Knoebel Sons.

Patrick G. Geckle, Mychak Geckle & Welker, for Janice & Robert Sahutsky.

Before FLAHERTY, C.J., ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

Justice CASTILLE,

This Court granted allocatur to consider the effect of appellees' failure to file a petition to open a judgment of *non pros* pursuant to Pa.R.C.P. 3051 before filing a direct appeal from that judgment in the Superior Court. For the reasons set forth below, we conclude that the failure to initially file a petition to open resulted in a waiver of appellees' claims. Accordingly, we reverse the order of the Superior Court and reinstate the judgment of *non pros*.

On June 24, 1994, appellees filed a complaint seeking to recover damages for personal injury sustained by Janice Sahutsky during an amusement park ride. For almost three years thereafter, there was no docket activity. The next docket entry occurred on April 2, 1997, when appellant's counsel withdrew from the case and new counsel entered his appearance.

On October 2, 1997, appellant filed a motion for judgment of *non pros*. The court granted appellant's motion, dismissing appellees' complaint with prejudice. Thereafter, appellees filed a Notice of Appeal in Superior Court. Appellees did not file a motion to open the judgment of *non pros* in the Court of Common Pleas.

In its Superior Court brief, appellant argued that the Superior Court should not address the merits of the appeal. Appellant maintained that the failure to file a petition to open under Rule 3051 operated as waiver of the issues raised in the appeal.

Citing its decision in *Hughes v. Fink, Fink and Assoc.*, 718 A.2d 316, 318 (Pa.Super.1998), the Superior Court rejected appellant's waiver argument. The court reasoned that: "where as here, the trial court's order is in the nature of a hybrid, *i.e.*, entering the judgment of *non pros* and dismissing the action with prejudice, the order is considered final and directly appealable." Super. Id. at 318 n. 1.[1]

Here, appellant argues that the Superior Court erred in addressing the merits of appellees' appeal. According to appellant, Rule 3051, by its clear language, required appellees to petition the trial court to open the judgment of *non pros* before filing an appeal in Superior Court. Appellant finds further support for this argument in the Rule's Comment, which appellant asserts specifically rejected a hybrid approach which would have permitted parties to choose between either

1. Addressing the merits of appellees' claim, the Superior Court reversed the trial court's order, remanding the matter to the trial court for reconsideration of its judgment of *non pros* consistent with *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (1998), and *Marino v. Hackman*, 551 Pa. 369, 710 A.2d 1108 (1998).

the trial court or the appellate court in seeking relief from a *non pros.* Finally, appellant argues that because appellees failed to comply with the dictates of Rule 3051, they failed to preserve their issues for appellate review.

Appellees counter that the Superior Court decision here is consistent with other decisions by that court, which have held that judgments of *non pros* dismissed *with prejudice* were appealable directly to Superior Court. *See Hughes, supra; Strickler v. Bell,* 714 A.2d 437 (Pa.Super.1998); *Doyle v. Tesauro,* 694 A.2d 626 (Pa.Super.1997), *rev'd on other grounds,* 551 Pa. 430, 710 A.2d 1138 (1998). According to appellees, only judgments of *non pros* entered *without* prejudice require filing of a Rule 3051 petition in the Court of Common Pleas. Because their filing of a direct appeal to the Superior Court was consistent with the holdings of previous Superior Court cases, appellees also maintain that dismissal of their appeal would be too harsh.

■ This Court's standard of review of questions of law, such as the question of the proper interpretation of Rule 3051 presented here, is plenary. *See Commonwealth v. Baker,* 547 Pa. 214, 690 A.2d 164 (1997). The Rules of Civil Procedure state that: "Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa. R.C.P. 127.

Under case law existing prior to the January 1, 1992 effective date of Rule 3051, a party seeking review of a judgment of *non pros* could proceed in two ways: either petition the trial court to open the judgment or seek appellate review of the judgment. *See Valley Peat & Humus v. Sunnylands, Inc.,* 398 Pa.Super. 400, 581 A.2d 193 (1990). The court in *Valley Peat* reasoned that since the "Supreme Court has accepted direct appeals from the entry of judgments of *non pros*" and has also entertained appeals from the denial of the petition to open, parties may choose to file with either the trial or appellate court. *Id.* at 195–96 (citing *Narducci v. Mason's*

*Discount Store,* 518 Pa. 94, 541 A.2d 323 (1988); *James Bros. Lumber v. Union Banking & Trust Co.,* 432 Pa. 129, 247 A.2d 587 (1968); *Manson v. First Nat'l Bank,* 366 Pa. 211, 77 A.2d 399 (1951)).[2] The *Valley Peat* court nevertheless expressed some concern with such a rule:

> Although we are of the opinion that the better course ... would be to file a petition to open, because it gives the trial court the first opportunity to open its judgment and at the same time provides a more complete record for appeal purposes, we recognize that counsel has a choice. If there is to be a change in this area of the law, this change must come from our Supreme Court.

*Id.* at 196.

After *Valley Peat* was decided, this Court promulgated Rule 3051. The Rule, which became effective on January 1, 1992, provides that:

> Relief from a judgment of *non pros* shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

Pa.R.C.P. 3051. The Explanatory Comment to Rule 3051 specifically addresses the previous dual approach reflected in *Valley Peat:*

> Recently, President Judge James E. Rowley of the Superior Court noted [in *Valley Peat* ] "the perceived uncertainty of the procedure to follow after the entry of a judgment of non pros", [sic] [581 A.2d at 203]. In that case, the Superior Court en banc considered ...:
>
>> the question of whether a direct appeal from a non pros judgment is proper, or whether a petition to open the non pros judgment must be filed and denied by the trial court prior to seeking appellate review.
>
> [*Valley Peat & Humus v. Sunnylands, Inc.,* 398 Pa.Super. 400, 581 A.2d 193, 195 (1990).] The Superior Court found

---

**2.** In *Valley Peat,* following the entry of the judgment of *non pros,* the plaintiff filed a petition for reconsideration, which the trial court denied. The appeal to the Superior Court was considered a direct appeal from the entry of the *non pros* judgment rather than an appeal of the denial of the petition for reconsideration.

that under present law the parties could choose either procedure.... [*Id.* at 196]

*This new rule eliminates the choice and establishes uniform procedure when relief is sought from a judgment of non pros.* The rule provides that relief from such a judgment is to be by petition ... and specifies that allegations to be made when the relief sought includes the opening of the judgment.

Pa.R.C.P. 352 (Comment) (emphasis added) (citations omitted). The Comment further states that:

*The rule adopts a uniform procedure although there are different types of judgments of non pros.* ... The rule will apply in all cases in which relief from a judgment of *non pros* is sought, whether the judgment has been entered by praecipe as of right or by the court following a hearing. Where the court has not participated in the entry of the judgment, the rule will provide a procedure for court involvement and the making of a record which an appellate court will be able to review. Where the court has entered a judgment of *non pros* following a hearing, the rule will provide the court with an opportunity to review its prior decision. However, if the court is certain of its prior decision, it will be able to quickly dispose of the matter since the parties have already been heard on the issues.

*Id.* (emphasis added).

The Rule makes no distinction between judgments of *non pros* entered with or without prejudice. The Rule's mandatory phrasings that relief from a *non pros* "shall be sought by petition" and "must be asserted in a single petition" clearly connote a *requirement* that parties file a petition with the trial court in the first instance. The Comment, including the notation that the Rule addresses the dual procedure previously in existence as recognized by *Valley Peat,* corroborates that it applies to *all* judgments of *non pros.* Furthermore, although not expressly addressing the issue, such a construction was implicit in this Court's characterization in another case involving Rule 3051. *See Shope v. Eagle,* 551 Pa. 360, 710 A.2d 1104, 1107 (1998) (noting that "an order entering a

judgment of *non pros can only be challenged* by filing a petition to open pursuant to Pa.R.C.P. 3051") (emphasis added). *Accord Debroff v. Corretti,* 435 Pa.Super. 279, 645 A.2d 859 (1994) (Rule 3051 requires parties to file petition to open judgment of *non pros* with trial court); *Xu v. Montefiore Hosp.,* 422 Pa.Super. 114, 618 A.2d 1043 (1993) (same).

The reason for requiring that the petition be directed to the trial court initially is both obvious and salutary: it ensures that the trial court, which is in the best position to rule on the matter in the first instance, shall have an opportunity to do so. Such an approach will avoid unnecessary appeals, thereby assuring judicial economy, and will provide a better record for review in those cases where the question is close enough to warrant an appeal. *See* Pa.R.C.P. 126. In short, there is nothing in Rule 3051 or its Comment to suggest that any differentiation between the various types of *non pros* orders is appropriate.

█ Having concluded that appellees were required to file a petition to open the *non pros,* rather than seek appellate review, the next question is what consequence should attend the failure to follow Rule 3051. Appellant argues that failure to file a Rule 3051 petition operates as a waiver of any claims of error concerning the judgment of *non pros* entered by the Court of Common Pleas. We find appellant's argument convincing.

This Court has determined that issues not raised in post-trial motions are waived. *See Lane Enterprises, Inc. v. L.B. Foster Co.,* 551 Pa. 306, 710 A.2d 54 (1998); *Commonwealth v. Metz,* 534 Pa. 341, 633 A.2d 125 (1993); *Benson v. Penn Central Transp. Co.,* 463 Pa. 37, 342 A.2d 393 (1975). In *Benson,* the Court reasoned that the filing of post-trial motions:

> ensure[s] that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors ... advances the orderly and efficient use of our judicial resources. First, appellate courts will not be required to expend time and energy reviewing points on which no trial

ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal....

*Id.* at 394 (citing *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114, 116–17 (1974)). A Rule 3051 petition to open serves the same function as a post-trial motion. Both filings exist to afford the Court of Common Pleas an opportunity to correct alleged errors before an appeal is pursued.

Appellees nevertheless argue that not addressing their appeal on the merits would be a harsh consequence since the Superior Court here followed its own precedent in overlooking the waiver. But the precedent can have no force in light of the clear and unambiguous language of Rule 3051. As noted above, that rule *mandates* the filing of the petition in the trial court. The Comment to the Rule reinforces that unambiguous meaning, while also making clear that the Rule was designed to effect a change in the law previously adopted in the Superior Court, and reflected in *Valley Peat.* We cannot simply ignore the language of the Rule, and the occasion for its existence, in favor of equities that appellees would prefer we balance. The Superior Court cases upon which Appellees rely address a pre-Rule 3051 scenario, and cannot stand in face of the Rule itself. Furthermore, as noted above, the rule serves a salutory, essential purpose.

It is also worth noting in response to appellees' equitable argument that appellees made *no* attempt to comply with the Rule. As this Court discussed in *Kurtas v. Kurtas,* 521 Pa. 105, 555 A.2d 804, 806 (1989):

We are cognizant that at times the rigid application of our rules does not serve the intended purpose of justice and fairness but rather results in a harsh or even unjust conse-

quence. For this reason, we promulgated Pa.R.C.P. 126 wherein we granted to the trial court latitude to overlook any *procedural* defect which does not prejudice the rights of a party.

(Emphasis in original.) However, as discussed in *Metz, supra,* this Court has not excused non-compliance with its Rules when the parties have made no attempt at conformity. The Court reasoned that:

> exceptions ... have been made in certain limited circumstances—specifically, where the appellant raises the issue post-trial in a procedurally defective manner and the trial court chooses to overlook the defect and address the issue on its merits.... However, this case presents no such circumstances. *Here, the issue was not raised at all at the post-trial stage, not even in a procedurally flawed manner.*

*Commonwealth v. Metz,* 534 Pa. 341, 633 A.2d 125, 127 (1993) (emphasis added.) As opposed to the filing of a procedurally flawed post-trial motion in *Kurtas,* appellees here failed to file even a procedurally flawed Rule 3051 petition in the Court of Common Pleas. Because appellees failed to file the petition to open as required, they failed to preserve the issues raised therein and, therefore, the claims are waived. *See* Pa.R.A.P. 302.[3]

**3.** Appellant also suggests that the Superior Court erred in not quashing the appeal below for failure to file a Rule 3051 petition. Quashal is usually appropriate where the order below was unappealable, *see Toll v. Toll,* 293 Pa.Super. 549, 439 A.2d 712 (1981) (court lacks jurisdiction— appeal interlocutory), the appeal was untimely, *see Stotsenburg v. Frost,* 465 Pa. 187, 348 A.2d 418 (1975), or the Court otherwise lacked jurisdiction, *see* Pa.R.C.P.1972. Rule 1972(7) also permits, as a disposition without reaching the merits, a party to move to quash "for any other reasons on the record." Quashal is not proper here. Clearly, a judgment of *non pros* dismissed with prejudice is a final, appealable order because it fully disposes of the case. *See* Pa.R.A.P. 341(b)(1) ("A final order is any order that: disposes of all claims and of all parties[.]"). Moreover, the appeal was timely filed, the Superior Court had jurisdiction over the appeal, and appellant does not articulate any other ground for quashal under Rule 1972(7). Accordingly, we conclude that quashal is inappropriate; the proper consequence of the failure to file a Rule 3051 petition is a waiver of the substantive claims that would be raised.

For the foregoing reasons, the order of the Superior Court is reversed.