J-A26018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BETTY ARNOLD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| APPEL & YOST, LLP, GRETA R. AUL, ESQ., ROBERT L. ARNOLD, ESQ., DAVID W. MERSKY, ESQ., ALBERT D. D'AGOSTINO, AND D'AGOSTINO & BRISELLI FINANCIAL GROUP, | |
| Appellees | No. 2305 MDA 2013 |

Appeal from the Order Entered December 9, 2013
In the Court of Common Pleas of York County
Civil Division at No(s): 2000-SU-04750-01

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                **FILED AUGUST 29, 2014**

Appellant, Betty Arnold, appeals from the December 9, 2013 order denying her petition to strike a judgment of *non pros* pursuant to Pennsylvania Rule of Civil Procedure 3051.  Appellees have filed a motion to dismiss this appeal pursuant to Pennsylvania Rule of Appellate Procedure 1972(a)(5) which allows for dismissal "for failure to preserve the question below[.]"  Pa.R.A.P. 1972(a)(5).  After careful review, we grant Appellees' motion and dismiss this appeal.

We summarize the relevant procedural background of this case as follows.  A judgment of *non pros* was entered against Appellant on March 1, 2013.  Appellant filed a timely notice of appeal on March 22, 2013, which

was docketed at 527 MDA 2013. On July 3, 2013, this Court entered an order dismissing the appeal pursuant to Rule 1972(a)(5) noting "[a]n appellant must seek relief from the [judgment of] *non pros* in the trial court … [and f]ailure to do so results in waiver of all claims concerning the judgment of *non pros*." Superior Court Order, 527 MDA 2013, 7/3/13, at 1.

On July 24, 2013, Appellant filed a petition to strike the judgment of *non pros* in the trial court. Pursuant to York County Rule of Civil Procedure 206.4(c), Appellant contemporaneously filed a petition for the trial court to issue a rule to show cause why her petition should not be granted. On December 9, 2013, the trial court entered an order denying her petition. On December 23, 2013, Appellant filed a timely notice of appeal.[1]

On May 13, 2014, Appellees filed a motion to dismiss the instant appeal pursuant to Rule 1972(a)(5). Appellant filed her response on May 28, 2014. On July 7, 2014, this Court entered an order denying the motion to dismiss without prejudice to Appellees' right to re-raise the issue before the merits panel. Superior Court Order, 2305 MDA 2013, 7/7/14, at 1. Appellees have also raised this issue in their brief. Appellees' Brief at 8-12.

Our cases have unequivocally held that "[a] petition under Pa.R.C.P. 3051 is the only means by which relief from a judgment of *non pros* may be sought." ***Bartolomeo v. Marshall***, 69 A.3d 610, 613 (Pa. Super. 2013)

---

[1] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

(citation omitted). In addition, "[t]he failure to file a timely or rule-compliant petition to open operates as a waiver of any right to address issues concerning the underlying judgment of *non pros.*" ***Id.*** at 614 (citation omitted). Appellees argue that by taking an appeal directly from the judgment of *non pros* instead of filing a petition to open or strike under Rule 3051, Appellant waived all claims regarding the judgment, and this appeal should be dismissed under Rule 1972(a)(5). Appellees' Brief at 8. Appellant counters that she was not precluded from filing a Rule 3051 petition once her first appeal was dismissed by this Court on the grounds of waiver. Appellant's Brief at 14. Stated another way, in Appellant's view, a Rule 3051 petition is a collateral attack on a judgment of *non pros*.

Our Supreme Court has stated that a judgment of *non pros* is a final appealable order as it disposes of all claims and all parties. ***Sahutsky v. H.H. Knoebel Sons***, 782 A.2d 996, 1001 n.3. (Pa. 2001), *citing* Pa.R.A.P. 341(b)(1) (stating, "[a] final order is any order that … disposes of all claims and of all parties[]"). Our Supreme Court also likened the failure to file a Rule 3051 petition to a litigant's failure to file a post-trial motion. ***Id.*** at 1000. The ***Sahutsky*** Court noted "[a] Rule 3051 petition to open serves the same function as a post-trial motion … [as b]oth filings exist to afford [the trial court] an opportunity to correct alleged errors before an appeal is pursued." ***Id.*** Based on these considerations, our Supreme Court concluded that when a litigant appeals from a judgment of *non pros*, "the proper

- 3 -

consequence of the failure to file a Rule 3051 petition is a waiver of the substantive claims **that would be raised**." ***Id.*** at 1001 n.3 (emphasis added).

Since ***Sahutsky*** was decided, this Court has characterized ***Sahutksy***'s rule as one of complete waiver of all claims relating to the judgment of *non pros*. In ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380 (Pa. Super. 2011), *appeal denied*, 40 A.3d 1237 (Pa. 2012), the Madrids had a judgment of *non pros* entered against them and filed a direct appeal with this Court. ***Id.*** at 381. However, they withdrew that appeal after this Court's staff attorneys informed them it may have been premature, so no decision was rendered by this Court. ***Id.*** The Madrids then filed a Rule 3051 petition, which was denied, and a new appeal was taken. ***Id.*** Although this Court found their issues waived for failure to comply with Rule 1925(b), this Court commented on the effect of their prior appeal as follows.

> [W]e note that the Madrids have only been able to sustain their action as long as they have due to the intervention of this Court's Central Legal Staff. Indeed, had our staff not contacted them to suggest that their appeal was premature, the case would have proceeded to the merits panel, which would have been constrained to conclude that the Madrids had waived all claims by failing to file a petition under Rule 3051. ***See Sahutsky***[, ***supra***] (failure to file Rule 3051 petition prior to appeal **operates as complete waiver of any claims of error** concerning judgment of *non pros;* quashal inappropriate).

***Id.*** at 383 n.2 (emphasis added).

- 4 -

In this case, the parties agree that Appellant filed a direct appeal to this Court from the judgment of *non pros* without first filing a Rule 3051 petition in the trial court. The parties also agree that this Court dismissed that appeal on the basis of waiver. The only dispute between the parties in this appeal is whether Appellant's direct appeal waived her right to file a Rule 3051 petition after said appeal was dismissed. We conclude that it did.

As noted above, our Supreme Court has not characterized Rule 3051 petitions as collateral to a judgment of *non pros*, as Appellant appears to argue, but rather it explicitly equated a Rule 3051 petition to a post-trial motion.[2] **Sahutsky**, **supra** at 1000. Therefore, in order to preserve any claims regarding the judgment of *non pros*, Appellant was required to file a Rule 3051 petition **before** she could take any appeal to this Court concerning the same. **See id.** Had Appellant withdrawn or discontinued her appeal before a merits decision, waiver would not follow. **See Madrid**, **supra**. However, this Court dismissed Appellant's initial appeal on the

_____

[2] We are cognizant that in **Stephens v. Messick**, 799 A.2d 793 (Pa. Super. 2002) this Court considered a Rule 3051 petition after a direct appeal from a judgment of *non pros* was quashed by this Court. **Id.** at 796. In **Stephens**, this Court affirmed the trial court's order on the basis of untimeliness of the Rule 3051 petition, rather than on waiver. **Id.** at 801. However, as a subsequent panel of this Court noted the "order quashing the [first] appeal was filed in December 1996, well before the Supreme Court's decision in **Sahutsky**[; therefore,] this Court's conclusions and analysis concerning quashal in **Stephens** is not binding on this panel." **Krell v. Silver**, 817 A.2d 1097, 1101 n.4 (Pa. Super. 2003), *appeal denied*, 830 A.2d 976 (Pa. 2003). We reach the same conclusion regarding **Stephens**'s viability in this case.

merits, on the basis of waiver. **See** Pa.R.A.P. 1972(a)(5). As a result, Appellant's failure to first file a Rule 3051 petition in the trial court resulted in "a complete waiver" of all "substantive claims **that would be raised**" in such a petition in the future. **Madrid**, **supra**; **Sahutsky**, **supra** (emphasis added). As a result, Appellant has waived "any right to address [the] issues concerning the underlying judgment of *non pros*." **Bartolomeo**, **supra**.

Based on the foregoing, we conclude that Appellant waived all claims regarding the judgment of *non pros* in this case based on her failure to file a Rule 3051 petition in the trial court before taking an appeal from the judgment of *non pros*. **See Sahusky**, **supra**. Accordingly, we grant Appellees' motion pursuant to Rule 1972(a)(5) and dismiss this appeal.

Motion to dismiss granted. Appeal dismissed. Case stricken from argument list.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2014