J-S32016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES D. SCHNELLER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARJORIE ZITOMER, G. RICHARD SCHNELLER, T. SERGEANT PEPPER, ESQ., HEPBURN, WILLCOX, HAMILTON & PUTNAM, LLP, WACHOVIA BANK, N.A., ALLEVA FUNERAL HOME | |
| Appellee | No. 3344 EDA 2016 |

Appeal from the Order Entered September 22, 2016
In the Court of Common Pleas of Chester County
Civil Division at No: 2007-05040-CA

BEFORE:   GANTMAN, P.J., STABILE, and FITZGERALD[*], JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 18, 2017**

Appellant, James D. Schneller, appeals *pro se* from the September 22, 2016 order entered in the Court of Common Pleas of Chester County denying Appellant's motion for adjudication of pending matters.  Following review, we affirm.

Our review of the record reveals that Appellant initiated a *pro se* civil action on May 25, 2007 against Appellees, Marjorie Zitomer, G. Richard Schneller, T. Sergeant Pepper, Esq. ("Pepper"), Hepburn, Willcox, Hamilton

---

[*] Former Justice specially assigned to the Superior Court.

& Putnam, LLP ("Hepburn, Willcox") (collectively "Appellees"), Wachovia Bank, N.A., and Alleva Funeral Home. By order entered June 15, 2007, the complaint was dismissed as frivolous, without prejudice to file an amended complaint within twenty days. On July 3, 2007, Appellant filed an amended complaint. On July 24, 2007, Appellant filed various certificates of merit pursuant to Pa.R.C.P. 1042.3, including certificates of merit relating to Appellees Pepper and Hepburn, Willcox. **See** Docket Entries, 7/24/07.

On September 14, 2007, counsel entered an appearance on behalf of Pepper and Hepburn, Willcox and filed a praecipe for entry of *non pros* for failure to file certificates of merit against those parties within the sixty-day period prescribed by Rule 1042.3. On September 18, 2007, counsel filed a praecipe to withdraw the praecipe for entry of *non pros*, acknowledging he was unaware that Appellant requested an extension of time for filing certificates of merit. **Id.**, 9/14/07 and 9/18/07.

On October 26, 2007, counsel for Pepper and Hepburn, Willcox filed preliminary objections to Appellant's amended complaint. **Id.**, 10/26/07. On November 8, 2007, after learning that Appellant's requested extension for filing certificates of merit had been denied, Pepper's counsel filed another praecipe for entry of *non pros* and a judgment of *non pros* was entered in favor of Pepper that same day. **Id.**, 11/8/07. The parties subsequently filed various documents, including Appellant's petition to strike the judgment of *non pros* and his motion to lift *non pros*, **id.**, 12/17/07 and 12/19/07, and

Pepper's response to the motion to lift. *Id.*, 1/09/08. In his response to

Appellant's motion to lift, Pepper explained:

> In the present case, [Appellant's] motion to strike *non pros* judgment entered in favor of [] Pepper offers no reasonable explanation for [Appellant's] failure to file a certificate of merit with respect to his professional liability claims against [] Pepper. What the motion offers, instead, are nonsensical and irrelevant accusations that lack any real and reasonable explanation at their core. [Appellant's] motion, therefore, fails to satisfy the requirement of Pa.R.Civ.P. 3051(b)(2) and must be denied.
>
> Moreover, given the long and unsuccessful history of [Appellant's] identical claims against [] Pepper, as well as the fact that these claims stem from events that occurred in 2002 and so are clearly barred by the applicable statute of limitation, [Appellant] cannot demonstrate the he presents any meritorious cause of action. Consequently, [Appellant] also cannot satisfy the mandatory requirement of Pa.R.Civ.P. 3051(b)(3) and his motion must be denied for this reason.

Pepper's Response to Appellant's Motion to Lift *Non Pros*, 1/9/08, at 8.

In the interim, Appellant filed a second amended complaint on

November 16, 2007. *Id.*, 11/16/07. Appellees filed preliminary objections

and a brief in support.[1] *Id.*, 1/31/08. Appellant filed preliminary objections

to Appellees' preliminary objections. *Id.*, 2/27/08. By order entered March

24, 2008, the trial court sustained Appellees' preliminary objections and

dismissed Appellant's complaint with prejudice and without leave to file a

third amended complaint. *Id.*, 3/24/08. Whether by virtue of the entry of a

_____

[1] Appellees jointly filing preliminary objections included Pepper, Hepburn, Willcox, Marjorie Zitomer, and G. Richard Schneller.

*non pros* judgment in favor of Pepper on November 8, 2007, or by virtue of the March 24, 2008 order sustaining preliminary objections and dismissing Appellant's second amended complaint, it is clear that no claims against Pepper remained after March 24, 2008.

By order entered June 20, 2008, the trial court granted a motion for judgment on the pleadings filed by Appellee Alleva Funeral Home. *Id.*, 6/20/08. On October 14, 2010, the trial court sustained preliminary objections filed by the sole remaining defendant, Appellee Wachovia Bank, and dismissed Appellant's complaint with prejudice and without leave to file an amended complaint. *Id.*, 10/14/10. Appellant timely filed an appeal to this Court on November 15, 2010.[2] By order entered November 19, 2010, the trial court directed Appellant to file a Rule 1925(b) statement within 21 days of the order. Appellant filed his Rule 1925(b) statement on December 14, 2010, beyond the 21-day period provided in the court's order. Among Appellant's 13 assertions of error were claims that the *non pros* entered for Pepper constituted error and that the failure to enter judgment of *non pros* for Hepburn, Willcox "caus[ed] the case to feasibly not be ended." Appellant's Rule 1925(b) Statement, 12/14/10, at ¶¶ 5, 6.

---

[2] The appeal filed on Monday, November 15, 2010, was timely because the final day for filing an appeal was November 13, 2010, a Saturday.

Also on December 14, unaware that Appellant filed an untimely Rule 1925(b) statement, the trial court issued its Rule 1925(a) opinion, announcing that Appellant failed to preserve any issues for appeal. Once aware of the late filing, the trial court issued a supplemental opinion explaining that, even if Appellant's 1925(b) had been timely filed, the statement was too vague to preserve any issues for appellate review. By order dated February 15, 2011, this Court dismissed the appeal and denied Appellant's motion for remand.[3] **Schneller v. Zitomer et al**, No. 3144 EDA 2010 (Pa. Super. filed February 15, 2011).

Although all matters asserted in Appellant's action were concluded when this Court dismissed Appellant's appeal in 2011, Appellant nevertheless filed a request for an administrative conference on July 8, 2013. **See** Docket Entries, 7/8/13. The trial court responded, noting that the record reflected that the case had been terminated. **See** Trial Court Correspondence, 7/9/13, at 1. The trial court indicated that further consideration of the administrative conference request would be given if Appellant advised the court as to parties who were still active and the claims against such parties. **Id.** By letter dated August 21, 2013, Appellant explained to the trial court that he had filed praecipes regarding his motion

---

[3] This Court cited **Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996 (Pa. 2001), in support of dismissal. Order, 2/15/11, at 1. In **Sahutsky**, our Supreme Court held that the failure to file a petition for relief from a judgment of *non pros* waives claims of error.

to lift *non pros* and had filed a sanctions motion after this Court dismissed his appeal in 2011. However, Appellant did not identify parties purported to be active or identify claims against any parties.

On December 11, 2013, Appellant filed a notice of appeal to this Court. In his docketing statement, rather than indicate the date of an order appealed from, Appellant simply stated, "Judge refuses to adjudge." Docketing Statement, 1/7/14, at 1. By order entered February 3, 2014, this Court quashed the appeal. ***Schneller v. Zitomer et al***, No. 3447 EDA 2013 (Pa. Super. filed February 3, 2014). This Court also denied Appellant's motion for reconsideration. Order, 3/20/14.

More than two years later, on March 29, 2016, Appellant filed a motion for adjudication of pending matters. By order entered September 22, 2016, the trial court denied the motion, noting that "[t]he complaint in this case has been dismissed with prejudice as to all defendants by prior orders of this court. Accordingly, all filings by [Appellant] subsequent to the final dismissal of the final remaining defendant are legal nullities and require no further adjudication." Order, 9/22/16, at 1 n.1. The instant appeal followed. The trial court issued a Rule 1925(a) opinion, explaining in pertinent part:

> This case was initiated by the filing of a complaint on May 25, 2007. The last defendant to have the case dismissed was Wachovia Bank (now Wells Fargo) as to whom the complaint was dismissed with prejudice over six (6) years ago by order of October 14, 2010. The case was ended as to defendant Alleva Funeral Home by order entered June 20, 2008, and as to all other defendants, . . . by order entered on March 24, 2008, wherein the complaint was "**DISMISSED with prejudice** as to

defendants T. Sergeant Pepper, Hepburn Willcox Hamilton & Putnam, L.L.P., Marjorie Zitomer and G. Richard Schneller and without leave to file a third amended complaint." (emphasis added.)

. . . .

Since the Superior Court dismissed plaintiff's previous appeal after the case had been terminated as to all defendants by various orders over the years, we believe that our determination that all of plaintiff's subsequent filings are legal nullities which require neither further attention from nor action by this court is correct.

Trial Court Opinion, 11/10/16, at 1-2 (emphasis in original).

In his brief, Appellant presents three issues:

A. Does the Court have subject matter jurisdiction over this appeal on a basis of finality of the order appealed from?

B. Has the trial court, in the decision to deny [Appellant's] motion for adjudication of pending matters decided in legal error, partiality, pre-judgment, abuse of discretion, unreasonable and inaccurate application of law, and in derogation to constitutional rights, at a level requiring reversal by the Court?

C. Is the Court fully and urgently justified to grant Appellant's application for peremptory mandamus and writ of prohibition?

Appellant's Brief at 8 (capitalization removed).

Because we read Appellant's challenge of the trial court's order as presenting a question of law, we review the trial court's ruling *de novo* and the scope of our review is plenary. **See, e.g., Stamerro v. Stamerro**, 889 A.2d 1251, 1257 (Pa. Super. 2005).

In his first issue, Appellant asks this Court to confirm the existence of subject matter jurisdiction over this appeal based on a final order of the trial

court. As an appeal from a final order of the trial court, this Court does have jurisdiction over this appeal. 42 Pa.C.S.A. § 742. However, as the trial court correctly indicates, the claims against all parties were previously terminated, rendering Appellant's subsequent filings—including his motion for adjudication of pending matters—legal nullities. Therefore, while we have jurisdiction over the appeal, it is apparent there were no "pending matters" for the trial court to adjudicate in response to Appellant's motion. Therefore, the existence of jurisdiction is of no moment, except that it empowers us to affirm the trial court's order denying Appellant's motion. In doing so, we also find that Appellant's remaining issues are moot.[4]

Sifting through Appellant's voluminous filings over several years, it becomes apparent that Appellant believes a *non pros* issue relative to Pepper has remained unresolved since 2008. However, as noted above, there is no issue unresolved as to Pepper. Again, by order entered March 24, 2008, the trial court sustained Appellees' preliminary objections and dismissed Appellant's amended complaint with prejudice as to Appellees. Consequently, even in absence of any claimed confusion relating to the *non pros* issue, all claims asserted against Pepper in Appellant's second amended complaint were extinguished by the trial court's March 24, 2008 order. Therefore, we conclude, as did the trial court, that Appellant's filings—

_____

[4] As a result, Appellant's Application for Writ of Mandamus is denied.

- 8 -

including his motion for adjudication of pending matters—are legal nullities that do not require or merit any further action from this Court.

Order affirmed.[5]

_____

[5] Article 1, Section 11 of the Pennsylvania Constitution requires that "[a]ll courts shall be be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Const. Art. 1, § 11, PA. CONST Art. 1, § 11. It is clear that the courts of this Commonwealth have been open to Appellant. As a panel of this Court observed in an unpublished memorandum in 2008:

> This Court will not rehash the voluminous procedural history in this case beyond the following brief description: Over the past five years, Schneller has filed an astounding 22 lawsuits and 57 appeals in state and federal courts related to medical treatment and other services provided to his now-deceased parents, George and Marjorie Schneller. In fact, this is the third time Schneller has appeared before this Court in this matter.

**_Schneller v. Main Line Hospitals, Inc._**, No. 1147 EDA 2007 (Pa. Super. filed December 2, 2008). By our count, since 2008, Appellant has filed appeals in this Court at more than two dozen dockets numbers. He has filed a similar number of appeals in the Commonwealth Court and petitions for allowance of appeal with our Supreme Court. In addition, he has initiated at least eleven _pro se_ actions in the United States District Court for the Eastern District of Pennsylvania relating to the 2002 death of his mother and the administration of her estate. **_See Schneller v. Zitomer_**, 2015 WL 115569 (E.D. Pa. January 8, 2015).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/18/2017