IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Thomas,            :
               Appellant    :
                      :
             v.               : No. 844 C.D. 2021
                      : Submitted: April 1, 2022
John E. Wetzel, Health Care    :
Services, Tabb Bickell, James    :
Eckard and Shawn Kephart     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT             FILED: June 16, 2022

Gregory Thomas, *pro se*, appeals an order of the Court of Common Pleas of Huntingdon County (trial court) denying Thomas' request for declaratory and injunctive relief against the Secretary of Corrections, John E. Wetzel; three employees of the Department of Corrections, Tabb Bickell, James Eckard, and Shawn Kephart (together, Department Officials); and the Department's Bureau of Health Care Services (Bureau). Department Officials and the Bureau argue that Thomas did not sufficiently identify the issues in his appeal, as required by Rule 1925(b)(4) of the Pennsylvania Rules of Appellate Procedure, PA. R.A.P. 1925(b)(4). Upon review, we conclude Thomas has waived all issues and affirm the trial court.

By way of background, Thomas is an inmate incarcerated at the State Correctional Institution at Albion. At issue are his requests (1) to purchase an electric razor and a laptop computer and (2) for surgery to restore his dental bridge.

The Department of Corrections has denied these requests. After his administrative grievances were denied, in 2016, Thomas filed a Section 1983[1] complaint against Department Officials and the Bureau, alleging violations of his rights under the First,[2] Eighth[3] and Fourteenth[4] Amendments to the United States Constitution and under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§2000cc--2000cc-5.[5]

The complaint alleged that Thomas' Islamic religion required him to shave parts of his body and that he requested a religious accommodation to purchase an electric razor. Department Officials denied the request and directed him to contact the medical department to determine whether a medical basis existed for his

---

[1] 42 U.S.C. §1983. It states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

*Id*.

[2] U.S. CONST. amend. I. The First Amendment to the United States Constitution states: "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." *Id*.

[3] U.S. CONST. amend. VIII. The Eighth Amendment provides: "Excessive bail shall not be required, nor excess fines imposed, nor cruel and unusual punishments inflicted." *Id*.

[4] U.S. CONST. amend. XIV. The Fourteenth Amendment provides in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law[.]" *Id*. The First and Eighth Amendments are applicable to the States through the Fourteenth Amendment. *See In re Condemnation by Urban Redevelopment Authority of Pittsburgh*, 913 A.2d 178, 183 n.10 (Pa. 2006); *Commonwealth v. 1997 Chevrolet and Contents Seized from Young*, 160 A.3d 153, 162 n.7 (Pa. 2017).

[5] The RLUIPA forbids state and local governments that receive federal funding from imposing a "substantial burden" on the exercise of religious beliefs unless the regulation is the least restrictive means to adequately protect a compelling government interest. 42 U.S.C. §2000cc(a)(1).

2

use of an electric razor. Thomas did so and informed the medical department that his religion prohibited the use of straight razors. He also told the department about having pain in his hands and developing keloids from using commissary razors. The medical department denied Thomas' request for an electric razor.

The complaint also alleged that Thomas has been advised that he needs surgery to restore his lower dental bridge; however, Department Officials and the Bureau denied him this surgery. Further, the complaint alleged that Thomas was denied his request to purchase a laptop computer and a desktop printer, which he needed to advance his religious studies and communicate with family.

Thomas' complaint raised three claims. First, the complaint asserted that the denial of an electric razor prevented Thomas from practicing the Muslim faith. Second, the complaint asserted that the denial of dental surgery violated Thomas' rights under the Eighth Amendment to the United States Constitution. Third, the complaint asserted that the denial of Thomas' request to purchase a laptop computer violated his rights to free speech and the exercise of religion.

Department Officials and the Bureau filed preliminary objections asserting that the complaint failed to state a claim upon which relief could be granted. They also asserted that the Bureau is not a "person" subject to a suit under Section 1983 and, thus, must be dismissed as a defendant. Additionally, the preliminary objections asserted that Thomas did not exhaust his administrative remedies with respect to the denial of his request to purchase an electric razor.

On December 12, 2016, the trial court dismissed Thomas' complaint. Thomas appealed. On May 18, 2018, this Court affirmed, in part, and reversed, in part, the trial court's decision. *Thomas v. John E. Wetzel, Health Care Services, Tabb Bickell, James Eckard, and Shawn Kephart* (Pa. Cmwlth., No. 1139 C.D. 2017,

3

filed May 18, 2018) (unreported). The Court affirmed the trial court's decision to dismiss the Bureau as a defendant and to dismiss Thomas' First Amendment claims. Regarding the claims against Department Officials, the Court concluded that the averments in the complaint, with respect to the need for an electric razor and for dental surgery, if proven, could satisfy a RLUIPA claim and an Eighth Amendment claim. Therefore, the matter was remanded to the trial court for Department Officials to answer Thomas' RLUIPA and Eighth Amendment claims.

On October 17, 2018, Department Officials filed an answer and new matter to the complaint. Thomas filed his answer to the new matter on December 18, 2018. Thomas took no further action until August 26, 2019, when he filed a motion for injunctive relief and requested Department Officials to provide him with dental surgery and an electric razor. The trial court took no action on Thomas' motion.

On September 17, 2020, Thomas filed a "Motion Seeking Delaratory [*sic*] and Injunctive Relief Order Systematic Racism/In COVID-19." Certified Record (C.R.), Item 61. He again requested an order directing that he be allowed to purchase an electric razor and that Department Officials authorize Thomas' request for dental surgery. He explained that as a result of his prior dental treatment, which entailed removing teeth from his bottom jaw, his dentures do not fit properly, and this causes him to experience severe irritation and bleeding in his mouth, which he believes will only be solved by the requested dental surgery.

A hearing was held on Thomas' motion on December 21, 2020. Thomas provided testimony and argument in support of his motion. Department Officials presented no testimony; they argued that Thomas did not satisfy the elements required for the issuance of a preliminary injunction. Following the

4

hearing, on December 28, 2020, the trial court denied Thomas' request for a preliminary injunction for the stated reason that Thomas "failed to present any credible evidence." C.R., Item 70.

Thomas appealed.[6] The trial court directed Thomas to file a statement of errors complained of on appeal pursuant to PA. R.A.P. 1925(b). In his statement of errors, Thomas stated:

> 1. Was it error for the [trial] court to dismiss plaintiff appeal order from the Commonwealth Court – for the defendants to answer the RLUIPA religious accommodation to purchase an[] electric razor-Trimmers. Plaintiff electric trimmers for religious obligations.
>
> 2. Was it error for the [trial] court to dismiss plaintiff appeal order from the Commonwealth Court – for the defendants to answer the Eighth Amendment claim with respect to inadequate dental care.
>
> 3. The [trial] [c]ourt ask[s] the defendants to address the claims ordered Defendants refused. Offered [no] response.
>
> 4. The [p]laintiff should be granted an[] [o]rder on all claims and damages.
>
> 5. The order from the appeals court was not for the plaintiff to offer more evidence on his claims.
>
> 6. The integrity of orders from the appeals court of the [u]pper [c]hambers must not be left to be interrogated. They are to be followed by all parties.

C.R., Item 73.

In its PA. R.A.P. 1925(a) Opinion, the trial court pointed out that Thomas' statement of errors does not address the issue of whether he satisfied the

---

[6] The trial court granted Thomas permission to file his notice of appeal *nunc pro tunc* on July 21, 2021.

5

elements necessary for the issuance of a preliminary injunction, but the trial court did not address the question of whether Thomas' statement has effectively waived all issues on appeal. Instead, the trial court's opinion explained its ruling as if no statement of errors had been filed. Trial Court 1925(a) Op. at 6. The trial court explained that Thomas' filings, testimony, and argument satisfied the first two elements for a preliminary injunction; however, the evidence was insufficient to satisfy the remaining three elements. *Id.* (citing *Anglo-American Insurance Co. v. Molin*, 670 A.2d 194, 196-97 (Pa. Cmwlth. 1995)).[7] The trial court stated that because Thomas sought to change the *status quo ante* between the parties, and the alleged wrongful conduct was not manifest, Thomas' right to relief was not clear. Thus, the trial court concluded that its December 28, 2020, order should be affirmed.

On appeal,[8] Thomas raises several issues. First, he argues that because he could not determine the basis for the trial court's decision, his PA. R.A.P. 1925(b) statement was, by necessity, comprised of general statements; he did not waive his issues on appeal. Second, he argues that the trial court erred in its interpretation of the burden of proof under the RLUIPA. Third, he argues that the trial court erred in

---

[7] In *Anglo-American Insurance Co.*, this Court stated:

> A preliminary injunction may be granted only where the moving party establishes the following elements: (1) the relief is necessary to prevent immediate and irreparable harm which cannot be compensated by damages; (2) greater injury will occur from denying the injunction than from granting it; (3) the injunction will restore the parties to the status quo as it existed prior to the alleged wrongful conduct; (4) the alleged wrongful conduct is manifest; and (5) the moving party's right to relief is clear.

*Anglo-American Insurance Co.*, 670 A.2d at 196-97.

[8] An appellate court reviews an order granting or denying a preliminary injunction for an abuse of discretion. *SEIU Healthcare Pennsylvania v. Commonwealth*, 104 A.3d 495, 501 (Pa. 2014). Under this highly deferential standard of review, an appellate court "does not inquire into the merits of the controversy, but examines the record to determine if there were any apparently reasonable grounds for the action of the court below." *Id.*

6

failing to require Department Officials to answer his Eighth Amendment claim as this Court directed in its May 18, 2018, decision.

In response, Department Officials have filed a motion to quash Thomas' appeal.[9] They argue that because Thomas did not identify in his statement of errors any issues he intends to assert on appeal, he has waived all issues on appeal.

Pennsylvania Rule of Appellate Procedure 1925(b)(4) states, in pertinent part, as follows:

> (b)    *Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.* If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> * * *
>
> (4)    *Requirements; waiver.*
>
> > *(i)    The Statement shall set forth only those errors that the appellant intends to assert.*
> >
> > *(ii) The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge.* The judge shall not require the citation to authorities or the record; however, appellant may choose to include pertinent authorities and record citations in the Statement.
> >
> > (iii) The judge shall not require any party to file a brief, memorandum of

---

[9] By order dated November 10, 2021, this Court directed that the motion to quash be decided with the merits.

7

law, or response as part of or in conjunction with the Statement.

(iv) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.

(v) Each error identified in the Statement will be deemed to include every subsidiary issue that was raised in the trial court; this provision does not in any way limit the obligation of a criminal appellant to delineate clearly the scope of claimed constitutional errors on appeal.

*(vi) If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the Statement will not be grounds for finding waiver.*

*(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.*

PA. R.A.P. 1925(b)(4) (emphasis added).

Courts have held that a vague 1925(b) statement is sometimes necessary when the record lacks the trial court's reasoning, and in such cases, a vague 1925(b) statement will not be grounds for waiver. In *Ryan v. Johnson*, 564

8

A.2d 1237 (Pa. 1989), the Supreme Court found that the Superior Court erred in dismissing an appeal on the grounds that appellant filed a vague statement of errors complained of on appeal, stating:

> Numerous issues were raised in the present case, and, inasmuch as the reasons for the court's order do not appear in the record, there was no way for appellant to know which issues the court viewed favorably and which issues it had rejected. Indeed, there was no way to know whether the issues had even been considered by the court. Obviously, unless one knows the basis for a court's order, there is no way to specifically challenge its rationale.

*Id.* at 1239.

Here, the trial court's December 28, 2020, order stated that it denied Thomas' motion for declaratory and injunctive relief because Thomas "failed to present any credible evidence." C.R., Item 70. Thomas argues that he is allowed to file a generalized statement of errors complained of on appeal when the basis for the trial court's decision is not readily discernable from the record. However, Thomas' statement of errors did not question the trial court's ruling that Thomas' evidence lacked credibility. Rather, Thomas' statement focused on the legal claims made in the underlying complaint, reflecting an apparent assumption that this Court's prior order was a decision in his favor on the underlying merits of the case. Because Thomas' statement of errors did not raise any issues regarding the trial court's denial of a preliminary injunction, under PA. R.A.P. 1925(b)(4), we hold that Thomas waived all issues on appeal.

Lastly, Department Officials' motion to quash does not challenge this Court's jurisdiction over Thomas' appeal of the trial court's order. Our Supreme Court has explained that "[q]uashal is usually appropriate where the order below was unappealable, the appeal was untimely, or the Court otherwise lacked jurisdiction[.]"

9

*Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001). Thomas' failure to raise any issues in his statement of errors results in the waiver of all issues on appeal, but it does not deprive this Court of jurisdiction.

For the foregoing reasons, we deny Department Officials' motion to quash Thomas' appeal and affirm the trial court's December 28, 2020, order.

_____
MARY HANNAH LEAVITT, President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Thomas,
                      Appellant

          v.

John E. Wetzel, Health Care
Services, Tabb Bickell, James
Eckard and Shawn Kephart

:
:
:
: No. 844 C.D. 2021
:
:
:
:
:

## **O R D E R**

AND NOW, this 16th day of June, 2022, the order of the Court of Common Pleas of Huntingdon County dated December 28, 2020, in the above-captioned matter, is AFFIRMED. The motion to quash Gregory Thomas' appeal filed by John E. Wetzel, Health Care Services, Tabb Bickell, James Eckard and Shawn Kephart is DENIED.

_____
MARY HANNAH LEAVITT, President Judge Emerita