J-A23037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MDG DOWNINGTOWN, L.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW KANAPESKY | : | |
| | : | |
| Appellant | : | No. 44 MDA 2022 |

Appeal from the Order Entered October 28, 2021
In the Court of Common Pleas of Berks County Civil Division at No(s):
19-13767

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: DECEMBER 1, 2022**

Appellant, Matthew Kanapesky, appeals from the October 28, 2021, Order entered in the Court of Common Pleas of Berks County that denied his request for a Pa.R.Civ.P. 1531(f) hearing on the court's December 5, 2019, preliminary injunction enjoining him from making false allegations against Appellee MDG Downingtown ("MDG"). Because the order from which he appeals addressed merely one aspect of his larger Motion to Dissolve the December 5, 2019, preliminary injunction and, thus, did not address and resolve all claims raised in the motion, it was not a final and appealable order. Accordingly, we quash.

Given our disposition of the present appeal, an abridged recitation of relevant facts and procedural history is appropriate. This appeal represents

_____

[*] Former Justice specially assigned to the Superior Court.

the latest litigation in Kanapesky's seven-year legal dispute with contractor MDG concerning a public water main project that runs an underground water pipeline across Kanapesky's residential property to an adjacent future residential housing development. This project was made possible by a 2010 Easement Agreement, by which Kanapesky received remuneration in exchange for granting MDG the right to maintain, repair, replace, and service the water pipeline in the easement area.

By 2015, however, Kanapesky had begun physically blocking MDG from completing work on the pipeline and demanding an additional $182,000 for the easement or, in the alternative, nearly $1,000,000 for the purchase of his property, if interested parties wished the work to continue. Consequently, on May 11, 2017, MDG sought to obtain its third-party beneficiary rights under the Easement Agreement by filing with the trial court an emergency petition requesting, *inter alia*, a preliminary injunction to stop Kanapesky's obstructive tactics. On May 26, 2017, the trial court granted what would become the first of two preliminary injunctions.[1]

On June 23, 2017, Kanapesky filed an interlocutory appeal. Observing that he had failed to comply with numerous appellate rules, we filed our October 24, 2019 memorandum decision deeming his issues waived and

_____

[1] As a result of the preliminary injunction, MDG completed installation of the pipeline and related work, and fully restored Kanapesky's property by July 13, 2017. Nevertheless, Kanapesky prevented MDG from completing all work under the Easement Agreement by denying MDG access necessary to install, *inter alia*, water taps.

affirming the trial court's May 26, 2017 order granting the first preliminary injunction. **See MDG Downingtown, L.P. v. Kanapesky**, 221 A.3d 1254, **1-2 (Pa. Super. 2019) (unpublished memorandum decision). Moreover, because we found Kanapesky's appeal frivolous, one patently devoid of merit and "taken for the purpose of causing delay and increasing [] expenses[,]" we ordered him to pay MDG's appellate counsel fees. **Id**.[2]

The current matter involves both the concomitant disparaging public statements that Kanapesky continued to make about MDG throughout the relevant timeline up to and including 2019 and the trial court's responsive order of December 5, 2019, imposing a second preliminary injunction upon Kanapesky to enjoin him from making such false or threatening public statements.

Specifically, Kanapesky verbally harassed MDG workers on the worksite, posted damning accusations about MDG and its subcontractors on social

---

[2] Subsequently, on March 11, 2020, the trial court entered an order transforming the 2017 preliminary injunction into a final, permanent injunction. Over 20 months later, Kanapesky, filed his motion to reconsider the final order, which the trial court denied. On appeal, observing that the March 11, 2020 order was a final order under Pa.R.A.P. 341, we quashed pursuant to Pa.R.A.P. 903 (imposing 30-day appeal period in civil actions).

We noted additionally, however, that Kanapesky's motion to reconsider failed to extend the filing time for his notice of appeal, not only because the motion was patently belated—even after considering all pertinent delays caused by the ongoing Covid-19 pandemic—but also because it failed to raise any new or viable claims that had not already been raised in prior proceedings before the trial court. **MDG Downingtown**, **L.P. v. Kanapesky**, No. 451 EDA 2022, 2022 WL 5325986 (unpublished memorandum filed on Oct. 7, 2022).

media, and filed accusatory reports to the Pennsylvania Department of Environmental Protection ("DEP") alleging that MDG's work violated governing rules and regulations, reports which DEP would subsequently dismiss as baseless. Years after the construction phase on his property had been completed, Kanapesky continued to make what the trial court described as "disruptive presentations at the East Brandywine Township Board of Supervisors' meetings, where Appellant falsely accused MDG of [having committed] regulatory violations during the construction on his property." Trial Court Opinion, 3/13/22, at 3.

By 2019, MDG believed Kanapesky's accusations were unfairly jeopardizing a good working relationship between itself and the township that it deemed critical to both the completion of the township project and its pursuit of future business opportunities in the region. Therefore, in August of 2019, it filed a civil complaint in breach of contract, defamation, commercial disparagement, abuse of process, and tortious interference with contractual relationships. Contemporaneously, it also filed for a second preliminary injunction, one that would enjoin Kanapesky from communicating or having contact with MDG and its business associates, and from communicating or publishing false or threatening information about MDG.

MDG sought the additional preliminary injunction not only for the above-cited reasons but also on evidence that Kanapesky had sent video clips to the township's manager accusing the manager and a senior civil engineer with DEP of corruption for not taking legal action against MDG on the basis of his

allegations. Kanapesky further contacted the DEP engineer, threatened that he knew the engineer's residential address, and attempted unsuccessfully to serve a subpoena on him at his home.

At the preliminary injunction hearing of December 4, 2019, MDG presented the above-described evidence along with testimony from its general counsel regarding the consequences of Kanapesky's actions:

> I personally had to spend significant hours and resources to combat threatening text messages, postings on public social media, contacts to outside agencies, the DEP, Chester County Conservation District, the township, the authority, the FBI. We are constantly being bombarded. We contacted our insurance agent.

> He [, Kanapesky,] threats [sic] any name that he obtains that relate [sic] to [MDG]. They will hear from him in a threatening manner and he make[s] derogatory comments about [MDG] everywhere such as, we are damaging lakes. We are not doing what we have to do. We are criminals.

N.T., 12/4/19, at 61-62.

Appellant acted *pro se* at the hearing and presented no evidence. He wished to testify, but he refused to take an oath swearing or affirming that he would tell the truth. The trial court, therefore, determined that MDG's evidence was uncontroverted.

On December 5, 2019, the trial court entered its second preliminary injunction order preliminarily enjoining and restraining Kanapesky from contact with, and communication and publication of false accusations about, MDG, and from causing any other person to engage in conduct in violation of this order during the pendency of the litigation. Kanapesky neither appealed

from the December 5, 2019, order nor demanded a hearing pursuant to Pa.R.Civ.P. 1531(f).[3]

For reasons of Covid-19 and related scheduling difficulties and delays, the damages hearing pertaining to the civil suit was not held until September 2, 2021. Testimony was not completed on that date, and the subsequent

---

[3] Rule 1531(f) provides an enjoined party with, "the free choice of a *prompt final hearing*" upon demand after a preliminary injunction involving freedom of expression is issued. Pa.R.Civ.P. 1531(f), *Explanatory Comments* (emphasis added). The Comments continue:

> [The enjoined] always has the option to decline this special procedure and to proceed in due course by preliminary objection or by filing an answer or by discovery or by any other procedural techniques available in the ordinary equity action. **It is the [enjoined] who may choose whether to suffer under the preliminary or special injunction for an extended period of his own choice, or to use the new guarantees of prompt and final disposition of the matter.**

*Id*. (emphasis added).

As described *supra*, the lower court entered its second preliminary injunction against Kanapesky on December 5, 2019, enjoining him from making further false allegations against MDG and others. Rather than file a *prompt* demand for a Rule 1531(f), Kanapesky chose instead, in the words of the explanatory comments above, "to suffer under the preliminary injunction for an extended period of his own choice[.]"

Specifically, Kanapesky allowed two years to pass from the date on which the lower court entered its preliminary injunction against him before he elected to make his demand for a final hearing under Rule 1531(f). The explanatory comments clearly set forth, however, that time is of the essence in matters involving Rule 1531(f), and a claimant must choose either to live under the preliminary injunction or demand a prompt final disposition. Kanapesky failed to heed this directive. Given our determination that quashal applies to the present appeal, we need not address how his dilatory response to the second preliminary injunction order bears on the issues he raises herein.

court date of October 28, 2021, comprised only counsels' motions and arguments. Testimony thus was slated for December 1, 2021.

However, on October 25, 2021, Kanapesky filed a "Motion to Dissolve or Modify the Preliminary Injunction Order of December 5, 2019." He claimed, specifically, that the injunction enjoined him from exercising his right to free expression concerning, *inter alia*, governmental actions. He also demanded a final hearing within three days after his demand, pursuant to Rule 1531(f).

The trial court noted that Kanapesky had never requested a final, Rule 1531(f) hearing in the two years since the second preliminary injunction was entered. As for the December 5, 2019, preliminary injunction itself, the trial court opined that it was narrowly tailored and did not prevent Kanapesky from seeking relief based on legitimate, truthful grievances.

To that point, the trial court observed Kanapesky once again offered only false accusations of regulatory violations committed by MDG, accusations which DEP had investigated and determined to be meritless. Accordingly, the trial court entered its October 28, 2021, order denying Kanapesky's request for a Rule 1531(f) hearing. Notably, the trial court had not yet granted or denied Appellant's larger Motion to Dissolve the December 5, 2019, preliminary injunction, and it reserved doing so until receiving a response from MDG.

Nevertheless, on November 19, 2021, Kanapesky filed the present appeal from this order. In response, MDG filed with this Court an "Application

- 7 -

to Quash Appeal and for Sanctions."  We denied MDG's Application without prejudice to its right to raise the issue with this Panel, which it has done.

Initially, we address MDG's argument in favor of quashing the present appeal, which it claims is not only Kanapesky's latest installment in a pattern of frivolous filings intended solely to cause delay[4] but also one taken from the trial court's October 28, 2021, order that was neither a final nor an appealable order.  In support of this latter point, MDG argues that the October 28, 2021, order did not resolve all matters raised by Kanapesky's Motion to Dissolve the December 5, 2019, order imposing the second preliminary injunction, because the order neither granted nor denied Kanapesky's central request to dissolve the preliminary injunction.

Instead, MDG maintains, the October 28, 2021, order merely denied Kanapesky's request for a Rule 1531(f) final hearing on the December 5, 2019, preliminary injunction because the request was patently belated under the terms of the rule itself and because the trial court had already conducted a full hearing prior to imposing the preliminary injunction.  As for the motion's main request that the trial court dissolve the preliminary injunction, the trial

---

[4] As acknowledged *supra*, MDG posits that Kanapesky's purpose behind filing the instant appeal was to postpone the damages hearing on MDG's civil action against him.  Specifically, MDG maintains, "This appeal is dilatory, obdurate and vexatious, and it represents Kanapesky's attempts to misuse the litigation process in an effort to harass MDG, cause delays, and increase litigation costs. **See**, Pa.R.A.P. 2744 ('an appellate court may award . . . a reasonable counsel fee . . . if it determines that an appeal is frivolous or taken solely for delay or that the conduct . . . is dilatory, obdurate or vexatious')." Appellee's Application to Quash Appeal and for Sanctions, filed 1/27/22, at 11.

- 8 -

court had expressly reserved making a final decision in that regard until it received MDG's response to the motion. On November 1, 2021, MDG filed its response, but before the trial court announced its final ruling, Kanapesky filed the present appeal.

We, therefore, must determine whether Kanapesky has appealed from a final order. **See** Pa.R.A.P. 341(b)(1); **see also Gutteridge v. A.P. Green Servs., Inc.**, 804 A.2d 643, 650 (Pa. Super. 2002) (finality of order appealed from is jurisdictional and must be addressed prior to merits review). Generally, a final order is an order that disposes of all claims and parties. Pa.R.A.P. 341(b)(1). "Quashal is usually appropriate where the order below was unappealable, . . . the appeal was untimely, . . . or the Court otherwise lacked jurisdiction[.]" **Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996, 1001 n. 3 (Pa. 2001) (citations omitted).

Here, the record demonstrates that the October 28, 2021, order from which Kanapesky has appealed was not a final order, as it did not dispose of the primary claim within Kanapesky's Motion to Dissolve, namely, that the December 5, 2019, preliminary injunction should be dissolved. While the order denied Kanapesky's request for a Rule 1531(f) hearing, the court had reserved rendering a final decision on Kanapesky's motion pending receipt of MDG's response. Before the court entered a final decision either granting or denying Kanapesky's motion to dissolve, Kanapesky filed the instant appeal.

Therefore, because the order from which Kanapesky has appealed was not a final order disposing of all claims raised in his Motion to Dissolve, we

conclude that the order was not appealable. Accordingly, we quash the present appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/01/2022