J-S80015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| KEVIN JORDAN | : | |
| Appellant | : | No. 2352 EDA 2017 |

Appeal from the PCRA Order June 16, 2017
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s):  CP-46-CR-0005792-2008

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 18, 2018**

Kevin Jordan appeals from the June 16, 2017 order denying PCRA relief on his May 25, 2017 petition.  We agree with the Commonwealth that the PCRA court[1] did not err in determining that Appellant's then-pending appeal from his second PCRA petition precluded further proceedings in the Court of Common Pleas.  We affirm, with no prejudice to Appellant's ability to file a serial PCRA petition based on the same theory.

Appellant was convicted of, *inter alia*, conspiracy to commit kidnapping and possession of controlled substances with intent to deliver, and sentenced to twelve to twenty-four years incarceration.  We previously set

_____

[1] As explained in the writing, the court did not treat the filing as a subsequent PCRA petition.  For ease of reference, we will refer to the court as the PCRA court.

forth the facts underlying his crimes in our December 9, 2010 memorandum affirming his judgment of sentence. *Commonwealth v. Jordan*, 23 A.3d 574, 2073 EDA 2009, (Pa.Super. 2010). We adopt those facts:

> Jordan's convictions arise out of his orchestration of a conspiracy with co-defendant Shannon McKeiver to distribute cocaine to lower level dealers between January and April 2007, and to rob and/or kidnap another alleged drug dealer to obtain both money and drugs to supply their own operation. Jordan's involvement with McKeiver as well as the other co-defendants was documented by enforcement agents of the Office of Attorney General (AG) pursuant to a wiretap executed on McKeiver's telephone. The agents recorded McKeiver negotiating multiple purchases of cocaine for resale and arranging for drug deliveries within a ring of twenty-two alleged coconspirators. The agents also recorded McKeiver and co-defendants Jordan and Derrick Thompson plotting the robbery and/or kidnapping of a third-party drug dealer they identified as "the Spanish Kid," as well as a neighbor they identified as an "old head."
>
> . . . .
>
> In Jordan's case, the Commonwealth introduced wiretap recordings as well as police testimony to establish that he and McKeiver had operated a drug trafficking ring and had used a cell phone to arrange drug sales in several southeastern Pennsylvania counties including Philadelphia and Montgomery.

*Id*. at 2-4. Our Supreme Court denied his petition for allowance of appeal on June 1, 2011.

Appellant filed his first PCRA petition on October 21, 2011. We affirmed the PCRA court's denial of relief on April 15, 2013. *See Commonwealth v. Jordan*, 75 A.3d 554 (Pa.Super. 2013) (unpublished memorandum). Appellant did not seek further review.

On August 11, 2016, Appellant filed his second PCRA petition, which was dismissed on October 3, 2016 as untimely. Appellant filed a notice of appeal on October 31, 2016, and we affirmed on December 12, 2017. **See Commonwealth v. Jordan**, 2017 WL 6331093 (Pa.Super. 2017).

The instant appeal concerns the PCRA court's order disposing of Appellant's May 25, 2017 petition as jurisdictionally improper, as it was filed during the pendency of the appeal from his second PCRA petition. This document was captioned "Amended/subsequent PCRA petition raising 'Burton claim' new law[.]" In its body, Appellant asserted that the Supreme Court of Pennsylvania's decision in **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017),[2] justified either an amendment to the petition which was then on appeal, or a third PCRA petition made timely by **Burton**. On June 16, 2017, the PCRA court entered an order stating that the court was "without jurisdiction to act." Appellant filed a notice of appeal.[3] The court

---

[2] **Burton** held that, for purposes of the 42 Pa.C.S. § 9545(b)(1)(ii) time-bar exception's requirement that the facts be unknown, materials in the public record are not presumptively known to an incarcerated *pro se* petitioner. Appellant's filing was unclear as to how that holding applied to his case.

[3] The notice of appeal was docketed on July 20, 2017, four days after the applicable period expired. It is dated July 13, 2017, and Appellant stated that he delivered it for mailing on that date. We elect to treat the appeal as timely pursuant to the prisoner mailbox rule. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (notice of appeal is filed on date incarcerated *pro se* individual deposits the appeal with prison officials or places it in prison mailbox).

did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement, and prepared an opinion. The matter is ready for our review. Appellant raises the following issues:

> (1) Did the PCRA court abuse its discretion by dismissing the May 2[5], 2017 amended/subsequent PCRA petition raising *Burton* claim, new law applying 42 Pa.C.S. § 9545(b)(1)(ii), where the PCRA court lacked jurisdiction to adjudicate subsequent petition?
>
> (2) Does the *Burton* decision by the Pennsylvania Supreme Court on March 28, 2017, constitute a new fact for exception purposes at 9545(b)(1)(ii), where transcripts of record were concealed from Petitioner during first timely filed PCRA proceeding resulting in waiver of claims on appeal to this [C]ourt?

Appellant's brief at 4.

Our standard of review examines "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." *Commonwealth v. Holt*, 175 A.3d 1014, 1017 (Pa.Super. 2017) (citation omitted). A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "This time constraint is jurisdictional in nature, and is not subject to tolling or other equitable considerations." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017) (citation omitted). The time bar can "only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii)." *Id*. "Questions regarding the scope of the statutory

exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*." ***Commonwealth v. Chester***, 895 A.2d 520, 522 n.1 (Pa. 2006). Additionally, any petition seeking to invoke one of these three exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In his May 25, 2017 petition, Appellant recognized that the document was untimely under the PCRA, and sought to invoke the statutory exception codified at 42 Pa.C.S. § 9545(b)(1)(ii): "[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."

The PCRA court's opinion indicates that it viewed the document as an amendment to his second PCRA petition, which was impermissible since that order was already on appeal.

> On May 25, 2017, the Defendant filed an application for remand with the Superior Court seeking to file an amendment or subsequent PCRA [p]etition raising a "Burton claim." The same date, the Defendant filed an "Amended/Subsequent PCRA Petition Raising 'Burton Claim' New Law Applying 42 Pa.C.S.A. § 9545(b)(1)(ii)" in this Court, without leave to do so. By Order of June 12, 2017, the Superior Court denied the application for remand without prejudice to the Defendant's ability to raise this claim in his brief or a new application after the appeal is assigned to a panel of the Superior Court. By Order of June 16, 2017, this Court dismissed amended/subsequent Petition as the Court lacks jurisdiction. As of the date of this Opinion, **this appeal, indexed at No. 3460 EDA 2016**, remains pending.
>
> Pursuant to Pa.R.A.P. 1701(a), "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."

. . . .

Based on the foregoing, this appeal should be quashed.

PCRA Court Opinion, 9/20/17, at 2 (emphasis added). Thus, the PCRA court viewed Appellant's document as an attempt to amend the second petition.

The Commonwealth also submits that this appeal should be quashed, albeit on a different basis. The Commonwealth states that the court lacked jurisdiction to address a serial PCRA petition pursuant to **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000). Appellant agrees that under governing law the PCRA court could not address the merits of his claims. He nonetheless asks this Court to address his substantive averments, on the basis that the PCRA court erred by failing to hold this new petition in abeyance until his prior PCRA appeal concluded. "Logically if the PCRA court lacked authority to adjudicate PCRA petition, such lack of jurisdiction also barred PCRA court from dismissing PCRA petition." Appellant's brief at 10.

We agree with the parties that the court lacked jurisdiction to adjudicate Appellant's petition, and we affirm the order on that basis.[4]

---

[4] "Quashal is usually appropriate where the order below was unappealable, the appeal was untimely, or the Court otherwise lacked jurisdiction." **Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996, 1001 n.3 (Pa. 2001) (citations omitted). Herein, while the PCRA court lacked jurisdiction to address the merits of the petition, it did not lack jurisdiction to address the timeliness of the petition. **See Commonwealth v. Cox**, 146 A.3d 221 (Pa. 2016) (concluding petitioner failed to meet any exception to the time-bar; "Cox's PCRA petition is therefore untimely, and no court could have
*(Footnote Continued Next Page)*

Presently, there is no doubt that Appellant sought PCRA relief, and he cited **Burton** as the justification for his serial petition.[5] Therefore, **Lark**, **supra**, controls. In **Lark**, the Court held that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition **cannot be filed** until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Id**. at 588 (emphasis added). The PCRA court correctly determined that it could not address the petition under this principle.

Appellant avers that the PCRA court was required to hold the petition in abeyance until his second PCRA petition was disposed of by the appellate courts. In support of this argument, he attaches an order from the Court of Common Pleas of Allegheny County, which held a PCRA petition in abeyance under identical circumstances. We need not address whether a PCRA court has the discretion to hold a serial petition in repose while a prior

_(Footnote Continued)_ ————————————

jurisdiction to reach the merits[.] Accordingly, we affirm the PCRA court's order."

[5] As noted, the PCRA court appears to have denied the petition on the grounds Appellant was attempting to amend the second petition as opposed to filing a new, serial petition. Appellant's petition styled the document as both an amendment to his second petition as well as a new, third petition, which are logically incompatible positions.

PCRA order is on appeal, as we are satisfied that the PCRA court's rationale was consistent with **Lark**.

Relatedly, we reiterate that the issue of whether the May 25, 2017 petition would qualify as an exception to the time-bar is not before us. Appellant's assertion that **Burton** can, standing on its own, qualify as a newly-discovered fact justifying an untimely PCRA conflicts with precedent from our Supreme Court. **See Commonwealth v. Watts**, 23 A.3d 980 (Pa. 2011). Nevertheless, the sole question on appeal is whether the PCRA court correctly concluded that it was barred from proceeding *en toto*. Hence, our affirmance is without prejudice to Appellant's ability to file a serial petition.[6]

Order affirmed.

_____

[6] We note that **Burton** was decided on March 28, 2017, and Appellant's petition was docketed on May 25, 2017, fifty-eight days after the decision. Appellant was attempting to comply with 42 Pa.C.S. § 9545(b)(2), which states that any petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented." **See** Appellant's brief at 10 ("Petitioner filed this amended / subsequent PCRA petition within the 60 day window[.]").

**Lark** addressed this concern, and stated that "[t]he subsequent petition must ... be filed within sixty days **of the date of the order which finally resolves the previous PCRA petition**, because this is the first 'date the claim could have been presented.'" **Id.** (quoting 42 Pa.C.S. § 9545(b)(2)) (emphasis added). Our decision today affirms the order denying PCRA relief, not quashing an unappealable quasijudicial order as found by the PCRA court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/18