J-S44023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID CHRISTOPHER GARDNER | : | |
| | : | |
| Appellant | : | No. 490 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 30, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001107-2017

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 16, 2020**

Appellant David Christopher Gardner appeals *pro se* from the judgment of sentence imposed following his jury trial convictions for driving under the influence (DUI) and related offenses. Because Appellant's brief fails to conform with the requirements of the Pennsylvania Rules of Appellate Procedure, we dismiss.

The relevant facts of this case are well known to the parties. On September 16, 2019, a jury convicted Appellant of one count of DUI—general impairment, one count DUI—highest rate, and one count driving under suspension—DUI related.[1] The trial court sentenced Appellant to an aggregate term of 36 to 120 months' incarceration on October 30, 2019. Appellant filed

---

[1] 75 Pa. C.S. § 3802(a)(1), 3802(c), and 1543(b)(1)(iii), respectively.

a timely post-sentence motion on November 12, 2019. On February 19, 2020, the trial court denied Appellant's motion.

On March 13, 2020, Appellant timely filed a counseled notice of appeal. That same day, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant timely filed a counseled Rule 1925(b) statement on March 25, 2020. However, on March 27, 2020, Appellant filed a *pro se* motion raising counsel's ineffectiveness and requesting to represent himself. On April 3, 2020, the trial court scheduled a hearing on Appellant's motion. Appellant's counsel filed a motion to withdraw with this Court on April 7, 2020.

On April 9, 2020, we remanded the matter to the trial court to conduct a **Grazier**[2] hearing to determine whether Appellant's waiver of counsel was knowing, intelligent, and voluntary. Order, 4/9/20. On May 4, 2020, the trial court filed a response stating that it conducted a **Grazier** hearing on April 24, 2020, and had concluded that Appellant "voluntarily, knowingly, and intelligently waived his right to counsel and . . . desire[d] his trial counsel be removed from his case." Resp. to Order, 5/24/20. Therefore, the trial court granted counsel's request to withdraw and Appellant proceeded *pro se*.

The trial court issued a new Rule 1925(b) order on April 30, 2020. On May 15, 2020, Appellant filed a *pro se* notice of appeal, which the trial court

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

treated as a Rule 1925(b) statement.[3]  The trial court issued a Rule 1925(a) opinion stating that it was "unable to discern the specific claims [Appellant] intend[ed] to raise on appeal."  Trial Ct. Op., 5/28/20, at 5.  However, the trial court addressed Appellant's general claims regarding due process violations, lack of evidence, police misconduct, malicious prosecution, and ineffective assistance of counsel, and ultimately concluded that each issue was either waived, meritless, or a premature claim for post-conviction relief.  **Id.** at 7-14.

Appellant filed an application for appointed counsel on June 11, 2020, which this Court denied the following day.  **See** Order, 6/12/20 (stating that the trial court had conducted a **Grazier** hearing and that Appellant knowingly, voluntarily, and intelligently waived his right to counsel).  Thereafter, Appellant filed the instant *pro se* brief.  In response, the Commonwealth filed a brief requesting that we quash Appellant's appeal.  **See** Commonwealth's Brief at 10.

Initially, we note that appellate briefs must conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure.  **See** Pa.R.A.P. 2101.  Where an appellant's brief contains substantial defects, we may quash or dismiss the appeal.  **Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005).  In particular, "[w]hen the omission of the

_____

[3] Although Appellant titled the document "Notice of Appeal," he indicated that the filing was in response to the trial court's April 30, 2020 order.  Therein, Appellant included a list of eleven general claims that he intended to raise on appeal.

statement of questions [involved] is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." ***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super. 1996) (citation omitted).

"This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Id.*** (citations omitted); ***see also*** Pa.R.A.P. 2119(a)-(c). As such, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982) (citations omitted).

"Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017). "[A]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996) (citation omitted and some formatting altered).

Here, the defects in Appellant's brief are substantial. Importantly, the brief does not contain a statement of questions, a summary of the argument,

or an argument section.  **See** Pa.R.A.P. 2111, 2116, 2118-2119.  Instead, Appellant includes a two-page statement of the case that makes no reference to the factual and procedural history of the case and is unintelligible.  **See** Appellant's Brief at 2-4.  Further, Appellant fails to clearly state any single claim of error or cite any supporting principle of law.  **See id.**  Given these omissions, we are unable to decipher the claims that Appellant intends to raise on appeal.  **See Hardy**, 918 A.2d at 771; **see also Smathers**, 670 A.2d at 1160.  Although we acknowledge that Appellant did not have the assistance of counsel, his choice to proceed *pro se* does not afford him any special benefit.  **See Tchirkow**, 160 A.3d at 804.  Accordingly, because the substantial defects in Appellant's brief preclude us from meaningful appellate review, we dismiss.  **See Adams**, 882 A.2d at 497-98; **see generally Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996, 1001 n.3 (Pa. 2001) (distinguishing quashal from dismissal).

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/2020

- 5 -