IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maribelen Carrasquillo,         :
             Appellant    :
                    :
       v.             : No. 152 C.D. 2024
                    : Submitted: August 8, 2025
City of Philadelphia,        :
Philadelphia Historical Commission,  :
Philadelphia Board of Licenses    :
and Inspection Review, and the    :
Thomas Scattergood Foundation   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                 FILED: December 19, 2025

Maribelen Carrasquillo (Carrasquillo) appeals the Court of Common Pleas of Philadelphia County's (Common Pleas) January 22, 2024 order, which quashed her appeal of the Board of Licenses and Inspection Review's (Board) October 19, 2023 Notice of Decision. Common Pleas explains it quashed Carrasquillo's appeal on the basis that she failed to timely file her notice of appeal, lacked standing, and failed to comply with a case management order. After careful review, we affirm.

## BACKGROUND

On July 14, 2023, the Philadelphia Historical Commission approved a request by the Thomas Scattergood Foundation (Foundation) to demolish a vacant building

on its property. Reproduced Record (R.R.) at A-13, A-61. The Foundation intended to demolish the building to make room for a new health center and required approval because its property is listed on the Philadelphia Register of Historic Places.[1] *Id.* at A-13. Although Carrasquillo did not attend the proceedings before the Philadelphia Historical Commission, she appealed its determination to the Board. *Id.* The Board affirmed the Philadelphia Historical Commission in the October 19, 2023 Notice of Decision. *Id.* Carrasquillo then filed a *pro se* notice of appeal in Common Pleas on December 4, 2023.

The Foundation filed a praecipe to intervene on December 22, 2023, followed by a motion to quash on December 27, 2023. The Foundation asserted Carrasquillo failed to timely file her appeal within 30 days of the Notice of Decision. In addition, the Foundation maintained Carrasquillo lacked standing and failed to comply with a December 7, 2023 case management order that directed her to serve the Foundation, among others, with a copy of the order and her appeal papers.

Common Pleas granted the motion to quash by order dated January 22, 2024. Carrasquillo obtained counsel and timely filed this appeal. Common Pleas reasoned in its opinion[2] that Carrasquillo did not appeal the Notice of Decision until December 4, 2023, after the appeal period was over, and did not attempt to explain the untimely appeal until she filed her concise statement. R.R. at A-18. Common Pleas explained

---

[1] The Philadelphia Historical Commission "voted to grant final approval of the demolition of the building . . . as necessary in the public interest and in-concept approval of the massing, size, scale, and location of the proposed health center building." R.R. at A-61.

[2] Common Pleas initially issued an opinion dated June 27, 2024, in which it reasoned Carrasquillo waived her issues on appeal by failing to file a concise statement of errors complained of on appeal as directed. Carrasquillo then filed a motion in Common Pleas to correct the opinion and a motion in this Court to strike the opinion, explaining she timely filed a concise statement. Common Pleas entered an order withdrawing its June 27, 2024 opinion, and this Court remanded so that Common Pleas could issue a new opinion. Common Pleas issued a new opinion dated September 3, 2024.

Carrasquillo failed to raise any claims regarding standing and service in her concise statement. *Id.* at A-17. Further, Common Pleas reasoned Carrasquillo lacks standing because she has no greater interest in the vacant building being demolished than any other member of the community and failed to rebut the contention that she did not comply with the case management order's service requirement. *Id.* at A-19.

**DISCUSSION**

As a general matter, when a local agency develops a complete record, and the court of common pleas takes no additional evidence, this Court must review whether the local agency violated constitutional rights, erred as a matter of law, or issued an adjudication without substantial evidence to support the necessary findings of fact. *Medina v. Harrisburg Sch. Dist.*, 273 A.3d 33, 39 n.10 (Pa. Cmwlth. 2022). Whether to grant a motion to quash is a question of law, however, over which our standard of review is *de novo* and scope of review is plenary. *Id.*; *Soc'y Created to Reduce Urb. Blight (SCRUB) v. Zoning Hearing Bd. of Adjustment of City of Phila.*, 951 A.2d 398, 401 n.8 (Pa. Cmwlth. 2008). This means we do not defer to the decisions below, and we may review the entire record on appeal. *See Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012).

The Local Agency Law[3] governs proceedings before the Board. *See Coleman v. Bd. of Licenses & Inspections Rev.*, 478 A.2d 529, 532 (Pa. Cmwlth. 1989). Under Section 752 of the Local Agency Law, 2 Pa.C.S. § 752, "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication" may appeal to the court vested with jurisdiction under the Judicial Code.[4] In turn, Section 933(a)(2) of the Judicial Code, 42 Pa.C.S. § 933(a)(2), provides courts of common

---

[3] 2 Pa.C.S. §§ 551-55, 751-54.

[4] 42 Pa.C.S. §§ 101-9914.

3

pleas with jurisdiction over appeals under the Local Agency Law. Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b), directs that appeals must be taken within 30 days after entry of the order on appeal. Under Section 5572 of the Judicial Code, 42 Pa.C.S. § 5572, the entry date of an order is "[t]he date of service of an order of a government unit, which shall be the date of mailing if service is by mail." Failure to timely file an appeal deprives the reviewing court of jurisdiction. *See In re: Est. of Pancari*, 176 A.3d 404, 409 (Pa. Cmwlth. 2017).

In this case, the Board's Notice of Decision included a "Date of Decision" of October 19, 2023, and indicated that "[a]ppeals from this decision may be filed with . . . Common Pleas within 30 days from the date of the decision stated above." R.R. at A-50. Although the Notice of Decision did not include a mailing date, the date of decision and explanation of the appeal deadline "was sufficient to trigger the start of the appeal period" and establishes Carrasquillo had until November 20, 2023, to file her notice of appeal.[5] *See Julia Ribaudo Senior Servs. v. Dep't of Pub. Welfare*, 969 A.2d 1184, 1186-93 (Pa. 2009) (holding a notice of adjudication that did not explain the date stamped on the notice was the mailing date, but that provided a start and end date for the appeal period, was sufficient). Therefore, Carrasquillo's notice of appeal filed on December 4, 2023, was untimely.

Carrasquillo contends she attempted to appeal on November 13, 2023, but the Office of Judicial Records rejected her notice of appeal because she had not attached the Notice of Decision. Carrasquillo's Br. at 4, 12. According to Carrasquillo, she did not receive the Notice of Decision until November 16, 2023, after she called the Board and requested a copy. *Id.* at 4, 26. Carrasquillo alleges she then attempted to

---

[5] Because 30 days after October 19, 2023, was Saturday, November 18, 2023, Carrasquillo had until the following Monday, November 20, 2023, to file her notice of appeal. *See* Section 1908 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1908.

4

appeal again on November 17, 2023. *Id.* at 4-5. This time, the Office of Judicial Records rejected her notice of appeal because she had included the Northwood Civic Association, an unrepresented nonprofit corporation of which she was the President, as an appellant. *Id.* at 5, 13. Carrasquillo alleges she spoke to the supervisor of the Office of Judicial Records, who misinformed or misled her into believing she would have 30 days from the date she received the Notice of Decision, i.e., from November 16, 2023, to appeal. *Id.* This prompted Carrasquillo to file a third notice of appeal on December 4, 2023. *Id.*

Regarding her alleged unsuccessful attempts to appeal, Carrasquillo maintains the Office of Judicial Records should have allowed her to correct any defects in her notices of appeal rather than reject them. Carrasquillo's Br. at 15-18. Carrasquillo describes the circumstances as a "breakdown in the system" that excuses her failure to timely appeal. *Id.* at 35. Carrasquillo contends the doctrines of equitable estoppel and apparent authority also excuse her failure to timely appeal because the Office of Judicial Records' supervisor misinformed or misled her regarding the appeal period deadline. *Id.* at 18-19. Moreover, Carrasquillo contends Common Pleas should have held a hearing before granting the Foundation's motion to quash. *Id.* at 19-22.

Our courts may allow an appeal *nunc pro tunc* if "fraud or a breakdown in the court's operations has occurred, or where the appellant, his counsel, or a third party's non-negligent actions have caused a delay in the filing of an appeal." *See Borough of Duncansville v. Beard*, 919 A.2d 327, 330 (Pa. Cmwlth. 2007). Here, however, Carrasquillo waived any request for *nunc pro tunc* relief, or relief based on any other theory such as equitable estoppel or apparent authority, by failing to respond to the Foundation's motion to quash in Common Pleas and presenting the issue for the first time in her concise statement. *See* Pennsylvania Rule of Appellate Procedure 302(a),

5

Pa.R.A.P. 302(a) (providing issues are waived if raised for the first time on appeal). Even accepting Carrasquillo preserved a request for *nunc pro tunc* relief, she waived any challenge to Common Pleas' other dispositive decisions that she lacked standing and failed to serve the Foundation. Under Pennsylvania Rule of Appellate Procedure 1925(b)(4)(vii), Pa.R.A.P. 1925(b)(4)(vii), issues not included in a concise statement are waived. Carrasquillo presented a challenge to Common Pleas' decision that her appeal was untimely in her concise statement, but she did not challenge its decisions that she lacked standing and failed to serve the Foundation.[6]

Additionally, even if Carrasquillo had not waived these challenges, we would conclude she fails to demonstrate standing. The critical issue is whether Carrasquillo is "aggrieved" by the Board's Notice of Decision. *See* 2 Pa.C.S. § 752. Our Supreme Court has explained:

> With respect to this requirement of being aggrieved, an individual can demonstrate that he is aggrieved if he can establish that he has a substantial, direct, and immediate interest in the outcome of the litigation in order to be deemed to have standing. An interest is substantial if it is an interest in the resolution of the challenge which surpasses the common interest of all citizens in procuring obedience to the law. Likewise, a direct interest mandates a showing that the matter complained of caused harm to the party's interest, i.e., a causal connection between the harm and the violation of law. Finally, an interest is immediate if the causal connection is not remote or speculative.

---

[6] We recognize Common Pleas did not provide its reasoning for quashing Carrasquillo's appeal in the January 22, 2024 order, so Carrasquillo may have believed Common Pleas quashed based only on untimeliness. This Court's orders entered before Common Pleas issued its September 3, 2024 opinion appear to have made the same presumption. *See* Order, 6/7/24 ("[I]t appears that the issue on appeal is whether [Common Pleas] erred in dismissing [Carrasquillo's] appeal as untimely."). If Carrasquillo misunderstood the basis for Common Pleas' decision, she could have sought leave to file a supplemental concise statement after reviewing the reasoning in the September 3, 2024 opinion. *See* Pa.R.A.P. 1925(b)(2), Note; *W. Pa. Ann. Conf. of United Methodist Church v. City of Pittsburgh*, 188 A.3d 637, 643 n.3 (Pa. Cmwlth. 2018) (en banc) (finding waiver where the appellant did not seek leave to file a supplemental concise statement).

*Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 660 (Pa. 2005) (citations and quotation marks omitted).

Carrasquillo does not address how she is aggrieved, other than to assert she is active in the community, "lives a few minutes away," and serves as the President of the Northwood Civic Association. Carrasquillo's Br. at 14, 19, 40. These assertions, assuming they are true, are insufficient to confer standing by themselves and do not excuse Carrasquillo from presenting "*specific facts demonstrating that [she] would be aggrieved by the challenged decision.*" *See SCRUB*, 951 A.2d at 402; *Spahn v. Zoning Bd. of Adjustment*, 977 A.2d 1132, 1152 (Pa. 2009) (holding appellant civic associations were not aggrieved and lacked standing where their goals of enforcing the zoning code, opposing illegal billboards, and fostering community development were "no different from the abstract interest that all citizens have in the outcome of the proceedings," and where the associations' members lived over a mile away from a proposed sign). Because Carrasquillo has not alleged facts that demonstrate she is aggrieved, she lacks standing to appeal.[7]

## CONCLUSION

Carrasquillo untimely filed her notice of appeal from the Board's October 19, 2023 Notice of Decision. In addition, she has waived any request for *nunc pro tunc* relief and any challenge to Common Pleas' determinations that she lacked standing and failed to comply with the service requirement in its case management order. To the extent these issues are not waived, we conclude Carrasquillo fails to demonstrate

---

[7] We note quashal is the appropriate disposition when an appeal is untimely because untimeliness is a jurisdictional defect. *See Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001). Standing is not jurisdictional in nature. *Liberties Lofts LLC v. Zoning Bd. of Adjustment*, 182 A.3d 513, 523-24 (Pa. Cmwlth. 2018). Therefore, if Carrasquillo's appeal were timely, but she lacked standing, the appropriate disposition would be to dismiss, rather than quash.

7

standing.  Accordingly, we affirm Common Pleas' January 22, 2024 order quashing Carrasquillo's appeal.

_____

STACY WALLACE, Judge

Judge McCullough did not participate in the decision of this case.
Judge Dumas did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maribelen Carrasquillo,
        Appellant

    v.                : No. 152 C.D. 2024

City of Philadelphia,
Philadelphia Historical Commission,
Philadelphia Board of Licenses
and Inspection Review, and the
Thomas Scattergood Foundation

# **O R D E R**

**AND NOW**, this 19th day of December 2025, the order of the Court of Common Pleas of Philadelphia County, dated January 22, 2024, is **AFFIRMED**.

_____
STACY WALLACE, Judge